THE SCHOONER EDWIN POST.

*(District Court, D. Delaware.   March 1, 1881.)*

1. ADMIRALTY—AMENDMENTS.
    Amendments are allowable in admiralty, in the discretion of the court, at any time until the termination of the cause.

2. MARINER—WAGES—REV. ST. §§ 4546, 4547.
    The proceedings by a mariner to recover his wages, under the provisions of sections 4546 and 4547, U. S. Rev. St., are cumulative in their character, and do not interfere with his rights to recover his wages by a proceeding according to the ancient course of admiralty, as the same existed before the passage of the act of 1790, upon which the above-named sections are founded.

3. SAME—SAME—SAME.
    At most, the effect of the sections above referred to is to restrain a proceeding *in rem* against the vessel before the expiration of 10 days after the wages are due.

In Admiralty.   Libel for Wages.

*Charles B. Lore*, for libellants.

*L. C. Vandegrift* and *E. G. Bradford, Jr.*, for respondent.

BRADFORD, D. J.   The libellants in this cause filed their libel against said vessel, etc., for wages, alleging their shipment for six months by the master on April 26, 1880, at the wages of $18 a month, and the expiration of their term of service under said contract upon October 26, 1880, and the failure of the master to pay the wages which they had earned and which were due upon the expiration of said contract, upon October 26, 1880, and that they had left said vessel on

January 23, 1881, after she was put into winter quarters, in order to obtain their wages. The libel in this cause was filed January 25, 1881, nearly three months after the said wages were alleged to be earned. Exceptions were filed by the respondent, master of said schooner, alleging substantially (1) that the libel is irregular, because it does not appear that the court has jurisdiction of the cause in this: *First*, that it does not appear that ten days had elapsed between the time the seamen were entitled to receive their wages and the time of filing their libel; *second*, because the preliminary steps pointed out by sections 4546, 4547, U. S. Rev. St., were not taken before suit was commenced in this court by the attachment of the vessel upon libel filed.

Whatever defect there may have been upon the face of the libel which arose from not disclosing the period of time between the earning of the wages and the filing of the libel, has been corrected by the filing of the amendment rectifying that omission, which the court always allows with great liberality in admiralty proceedings. So that the objection to the court exercising jurisdiction in this suit, because it did not appear that 10 days had elapsed between the earning of said wages and the time of filing the libel, is thus disposed of by the amendment.

It remains only to consider the other proposition of the respondent, going to the full length of requiring the proceedings to be taken under said sections 4546, 4547, U. S. Rev. St., as a prerequisite before this court takes jurisdiction of the cause. We cannot assent to the correctness of this proposition. The practice in this district, and we may say generally, is against it, and the decisions, as opposed to the speculations of eminent law-writers, are against it. This question has been examined at some length by Mr. Sprague, an eminent admiralty judge, who arrives at the conclusion that the acts of congress do not, in all cases, impose a duty on the sailor of proceeding to recover his wages in the manner pointed out in the sections of the Revised Statutes. In fact, he thinks that the statutes did not alter or restrain the

sailor in the pursuit of any remedy he had before the statutes were passed, except as to proceedings *in rem*, leaving the sailor to pursue, at any time after his wages were due, the remedies of suit *in personam* and against the freight. He looks on the statutes as a restriction on the right of the sailor to pursue the remedy of attachment against the ship before the 10 days provided by act of congress expire, except in the cases excepted in the Revised Statutes, viz., a vessel leaving port before 10 days after her cargo is delivered, and a vessel about going to sea. In all cases of proceedings *in rem*, he thinks that the operation of the Revised Statutes delays the filing of the libel until the expiration of the 10 days; but he is without doubt that when that time has expired, he, the sailor, can proceed *in rem* as properly as in the cases excepted in the Revised Statutes. Upon this point (the one which concerns us in deciding this case) his opinion is clear and conclusive.

The other cases cited—by Judge Acheson, of the western district of Pennsylvania, *Murray* v. *Ferry-boat Nimick*, 2 Fed. Rep. 86; another by Judge Dyer, *The Waverly*, 7 Biss. 465; and another by Judge Longyear, *The M. W. Wright*, 1 Brown's Adm. 290—make no fine distinctions in the matter, but take the ground broadly, that the whole proceedings, as laid down in the Revised Statutes, are merely cumulative, and can be substituted for the old admiralty remedies before the statutes of 1790, or not, as the libellant chooses. We feel disposed to follow these decisions, especially as the uniform practice, as I am informed, has been to proceed in either way the sailor might deem most available to procure the payment of his wages.

As the libel has been amended so as to show the lapse of 10 days after the earning of wages before suit brought, I shall order the case to be referred to United States Commissioner S. Rodmond Smith, to take testimony as to the amount of wages due, and report the same to this court.