THE IMOGENE M. TERRY.

*(District Court, D. New Jersey.  February 2, 1884)*

1. ADMIRALTY—MARITIME LIEN—CAPTAIN OF VESSEL.

    The rule of law that the captain of a vessel has no lien upon it for his wages is not applicable to a person who, though calling himself captain, neither contracts directly with the owners, nor has charge of freights and moneys, but is, except in name, an ordinary seaman.

2. SAME—PLEADINGS—AMENDMENTS.

    It is in the discretion of a court of admiralty to allow amendments in the pleadings even with respect to matters of substance, by a party who shows merits.

In Admiralty.   Libel *in rem.*

*Bedle, Muirheid & McGee,* for libelants.

*E. A. Ransom,* for respondent.

NIXON, J.   In the above libel the libelant, with some self-complacency, describes himself as master of the sloop Imogene M. Terry. But courts of admiralty deal with things, and not with words.   If the proofs show that he is in fact an ordinary seaman, under the control of the master, his calling himself the captain ought not to hinder him from invoking the seaman's remedy for the collection of his wages. It is well settled in the admiralty that the captain has no libel *in rem* upon the vessel for his wages.   *The Orleans* v. *Phœbus,* 11 Pet. 175. Two reasons are ordinarily assigned for this : (1) Because the freights of the ship pass through his hands, on which he has a lien for payment; (2) because his contract for hire is with the owners, and he is supposed to bargain with reference to their personal responsibility, and not with an intention to look elsewhere for satisfaction.   *The Grand Turk,* 1 Paine, 73.   The evidence shows that both these reasons failed in the present case.   *Cessante ratione legis, cessat ipsa lex.* The libelant was not hired by the owners, but by the master of the Frank C. Barker.   He earned no freights, and no money passed through his hands from the earnings of the vessel.   When the crew of the Barker was made up by Capt. Raynor, he was employed with other fishermen, and at the same rate of compensation, to-wit, $25 per month, and three cents for every thousand fish caught.   To carry on the fishing operations, some of the men were placed on board the Barker to aid in taking the fish, and others on two tenders, by which the fish were transported from the vessel to the respondent's manufactory on the shore.   The libelant had charge of the tender Imogene M. Terry, but was as much subject to the orders and the control of Capt. Raynor as if he had remained on board the Barker.   The same attempt was made to charge him with the cost of his grub, over three dollars per week, that was sought to be imposed on the other men.   There was also a refusal to pay anything to him on account of the bonus for fish caught, although the fact that Capt. Raynor went with a num-

ber of the crew to the owners on July 1st to receive payment on account of the dues for fish then taken, and the additional fact that he suggested that the number should be estimated, for convenience, at 500,000, show quite clearly that he did not understand when the men were hired that they would be expected to wait until the end of the season before any payment on account should be made.

The proctor of the libelant, at the hearing, asked leave to amend the libel, in order to have the allegations harmonize with the proofs. In admiralty practice there is not much limit to the discretion of the court in this respect. In section 483 of Benedict's American Admiralty, it is said that "on proper cause shown omissions and deficiencies in pleadings may be supplied, and errors and mistakes in practice, in matters of substance as well as in form, may be corrected at any stage of the proceedings, for the furtherance of justice. Where merits clearly appear on the records, it is the settled practice in admiralty not to dismiss the libel, but to allow the party to assert his rights in a new allegation. The whole subject rests entirely with the discretion of the court, as well in relation to the relief to be granted as to the terms on which it shall be granted. Amendments may be made on application to the court at any time, as well after as before decree, and at any time before the final decree new counts or articles may be added, and new and supplemental allegations may be filed."

The libel may be amended as proposed, and a decree entered in favor of the libelant. If necessary, a reference will be ordered to ascertain the amount of monthly wages and bonus due to the libelant to the date of the order given by the captain upon the owners for the payment of the sum due.