O'CONNELL v. ONE THOUSAND AND TWO BALES OF SISAL HEMP.

(District Court, S. D. Alabama. March 20, 1896.)

No. 743.

1. ADMIRALTY PLEADING—AMENDMENTS.
   Amendments to the libel are allowable, in the discretion of the court, until the termination of the cause, and even in matters of substance; and an amended or supplemental libel may be allowed to stand as an original libel. But amendments are limited by due consideration of the rights of the opposite party, and will be denied if his rights would be prejudiced.

2. SHIPPING—BILLS OF LADING—REFERENCE TO CHARTER PARTY.
   Acceptance of a bill of lading containing the words, "Freights and all other conditions as per charter party," brings into the contract, not only all conditions of the charter party which relate to the payment of freight, strictly so called, but all that are referable to the subject-matter of the receipt, the carriage, and the discharge of the cargo.

3. SAME—ALTERATION OF BILL OF LADING.
   A shipper has no right, without the master's consent, to strike from the bill of lading the clause, "Freight and all other conditions as per charter party."

This was a libel by William H. O'Connell, master of the steamship Ravensdale, against 1,002 bales of Sisal hemp, claimed by Thebaud

Bros., to enforce payment of freight. The cause was heard on exceptions to the amended libel, and on motion to strike out. For report of the decision on the merits, see 75 Fed. 410.

Clark & Clark, for libelant.
Pillans, Torrey & Hanaw, for claimants.

TOULMIN, District Judge. Amendments in the pleadings are allowable in admiralty, in the discretion of the court, at any time until the termination of the cause, and it is in the discretion of the court to allow amendments even with respect to matters of substance. But amendments are always limited by due consideration of the rights of the opposite party, and where, by the amendment, he would be prejudiced, it is not allowed. The Edwin Post, 6 Fed. 206; The Imogene M. Terry, 19 Fed. 463; The Corozal, 19 Fed. 655. A supplemental libel may be allowed to stand as an original libel. Henderson v. Three Hundred Tons of Iron Ore, 38 Fed. 36. The amendments in this case do not prejudice the claimants. No answer has been filed, and no evidence taken. The court will allow the amended libel to stand as the original libel, and will therefore overrule the motion to strike it out. There are some allegations in the original and amended libel that are inconsistent, and also some averments in the amended libel as to matters occurring subsequent to the filing of the original libel, but they are immaterial, and need not be specially noticed.

Now, as to the exceptions to the libel on the merits of the case. I understand the law to be that a shipowner can avail himself of rights given by the charter party, when indicated in the bill of lading, even to the prejudice of the shipper. If the bill of lading incorporates the terms of the charter party by using comprehensive words, as paying "freight and all other conditions as per charter party," the owner's lien on the goods for the charter freight is preserved. Carv. Carr. by Sea, pp. 671, 672, §§ 668, 669. The clause, "Freight and all other conditions as per charter," will incorporate into a bill of lading all conditions in the charter applicable to and consistent with the character of the bill of lading. Scrutton, Charter Parties, arts. 18, 19, pp. 36, 39, 40. Words of general reference to the charter party bring into the bill of lading all those clauses and conditions of the charter party which are not specifically dealt with by the bill of lading itself, and are not contradictory to or inconsistent with the terms of the bill of lading. Gardner v. Trechmann, 5 Asp. 558, 559; 2 Pritch. Adm. Dig. p. 485, § 149. When the bill of lading expresses that the consignee is to pay "freight and all other conditions as per charter party," "all other conditions" means performing or satisfying all other conditions of the charter party; and it is held that they would have no application unless they secured the liens of the shipowner under the charter party." Carv. Carr. by Sea, p. 638, § 637. And it is also held that, where the consignee is to pay "freight and all other conditions as per charter party," the conditions of paying the dead freight and demurrage due under the charter are brought in, and the liens are preserved. Id. §§ 637–671. The shipowner has

a lien on the cargo for the charter freight, as against the charterer, his agents, and those who have notice of the charter party. 2 Pritch. Adm. Dig. p. 615, § 1229, and authorities therein cited.

This libel is filed to recover the charter hire of the ship. It is alleged in the libel that the bill of lading signed by the master contained the words, "Freight and all other conditions as per charter party." My opinion is that the words "all other conditions as per charter party," not only include such conditions as are connected with paying freight, strictly so called, but all that are referable to the subject-matter of the receipt, the carriage and the discharge of the cargo.

The libel also alleges knowledge of the charter party by the shippers, and shows that the charter party provides for a lien on cargo and freight in favor of the shipowner. The master's right was to insist on the bill of lading as signed by him, and the shipper had not the right to alter, by striking out the words, "Freight and all other conditions as per charter party," without the master's consent, as it is alleged it did.

The allegations of the libel are admitted to be true for the purposes of this hearing. If true, my opinion is that the libelant has made out a case which entitles him to recover for the hire or use of the ship. The exceptions must be overruled, and it is so ordered.