BELL v. THE FLORENCE S.

(Fourth Division. Fairbanks. May 27, 1915.)

No. 2060.

PILOTS ⊝⊃13—EVIDENCE—LIENS.

Where the master of a vessel also claims a lien as pilot on a separate employment for additional services for the same period for which he acted as master, the special hiring in the dual capacity must be established by clear and convincing proofs. It may be that, if the services rendered as master and pilot can be satisfactorily segregated, the master would be entitled to a lien for the services he renders his vessel distinctively as pilot.

The libel herein was filed by William Bell on the 14th day of September, 1914. Thereafter L. W. Rowe, Paul Dougherty, R. E. Leber, S. E. Nelson, and E. J. Smythe, by leave of court first had and obtained, according to the rules and practice in admiralty, were joined as parties libelant with the libelant William Bell. An answer was filed by Kittie M. Hensley, the owner of the Florence S, admitting in part and denying in part the claim of the libelants Bell, Rowe, Dougherty, Leber, and Nelson, and admitting the claim of E. J. Smythe. The evidence has been heard by the court, and the case is submitted for determination.

L. R. Gillette, of Fairbanks, and G. E. Gardner, of Oroville, Cal., for libelant.
Leroy Tozier, of Fairbanks, for claimant.

BUNNELL, District Judge. An exhaustive statement of the claims of the respective libelants is considered unnecessary. The evidence is conflicting, and it is with difficulty that a determination of the merits of the respective claims can be reached.

The following claims are found to be due and owing, and maritime liens against the Florence S, her tackle, etc.:

| | |
|---|---:|
| William Bell, cook, balance, years 1911–1914 | $1,454.47 |
| Paul Dougherty, fireman, balance | 355.00 |
| L. W. Rowe, engineer, balance | 370.25 |
| S. E. Nelson, laborer, salving boat, 1914 | 213.33 |
| R. E. Leber, engineer, salving boat, 1914 | 424.00 |

E. J. Smythe, master and pilot:

| | | |
|---|---:|---:|
| Supplies prior to 1914 | $477.00 | |
| Representing owner under contract salving boat April 20 to May 20, 1914 | 600.00 | |
| Supplies during 1914 | 137.50 | 1,214.50 |

The claims for services and supplies prior to the year 1914 are held to be of equal rank. All claims for services and supplies during the year 1914, since the same were for the salving of the Florence S, on the upper Tanana, are held to be of equal rank and to have preference in order of payment over claims incurred prior to the year 1914. Cyc. vol. 26, pp. 802–809, subject Priorities, X, and cases cited.

The evidence regarding the claim of E. J. Smythe as master and pilot is conflicting. The owner Hensley admits the claim and the hiring of Smythe as master and pilot at an agreed wage of $400 per month, of which amount the sum of $225 per month was by virtue of a special hiring as pilot. In a statement showing the financial condition of the boat, prepared under the direction of Smythe, his wages as master of the boat are accounted for at the rate of $300 per month. It appears to the court that such a segregation of wages due as master and as pilot by virtue of the alleged special hiring as pilot, for which counsel has contended, is not warranted by the evidence introduced. A special hiring of the same person acting as master and pilot in a dual capacity must be established by clear and convincing proof, in order to take advantage of the principle enunciated in the case of The Willamette Valley (D. C.) 76 Fed. 847, in which it is stated:

"It may be that, if the services rendered as master and as pilot can be satisfactorily segregated, the master would be entitled to a lien for the services he renders his vessel distinctively as pilot."

In that case the petitioner claimed wages of $200 per month as master and pilot, and testimony was offered to show that the wage of $200 per month "was in excess of what would

have been paid to a master who held only a master's license, and not, also, a pilot's license." A lien at the rate of $200 a month was sought to be established. There was no special hiring, and no segregation. That the petitioner has no lien as master is well established. The Orleans v. Phœbus, 11 Pet. 175, 9 L. Ed. 677; The Grand Turk, Fed. Cas. No. 5683; The Imogene M. Terry (D. C.) 19 Fed. 463; The Willamette Valley (D. C.) 76 Fed. 838.

In accordance with the views herein expressed, findings of fact, conclusions of law, and judgment may be prepared and submitted.