## UNITED STATES v. SUGARLAND INDUSTRIES et al. *

(Circuit Court of Appeals, Fifth Circuit. January 31, 1924.)

No. 4126.

Shipping ☞180—Claim for demurrage held affected by duty of ship to minimize damages from delay of consignee in receiving cargo.

A shipowner cannot recover demurrage at the rate stipulated in the charter party for delay in discharging, because the consignee did not receive and remove the cargo from the wharf as fast as the ship could, and was required to discharge it, where it might have discharged at the agreed rate, and stored the goods at expense of consignee at a substantial saving of expense.

Appeal from the District Court of the United States for the Southern District of Texas; Joseph C. Hutcheson, Jr., Judge.

Suits in admiralty by the United States, owner of the steamship Lake Fairlee and five other steamships, against the Sugarland Industries and others. Decree for respondents, and libelant appeals. Affirmed.

For opinion below, see 281 Fed. 239.

H. M. Holden, U S. Atty., of Houston, Tex. (Arthur M. Boal, ol Boston, Mass., and Harold F. Birnbaum, of Brighton, Mass., on the brief), for the United States.

John Neethe, of Galveston, Tex. (Williams & Neethe, of Galveston, Tex., on the brief), for appellees.

Before WALKER and BRYAN, Circuit Judges, and CALL, District Judge.

WALKER, Circuit Judge. The appellant, as owner of six steamships, brought six separate suits in admiralty against the appellees, the

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Certiorari denied 44 Sup. Ct. 461. 68 L. Ed. —.

consignees of sugar cargoes carried by those ships, to recover demurrage claimed to be due under charter parties which imposed on the shipowner the duty of unloading, and contained the following:

"Vessel shall be discharged at the rate of not less than seven thousand five hundred (7,500) bags, of 325 pounds each, or equivalent, per working lay day. Lay days are not reversible. Demurrage in loading and discharging, except as provided below, shall be payable by the charterer or his agent day by day, on the basis of forty-eight (48c) cents U. S. currency, per gross registered tonnage of vessel per day. If vessel is unable to load or discharge at the rates provided, lay days shall be computed on the basis of the vessel's capacity for loading or discharging. In calculating demurrage a fraction of a day, if demurrage is incurred, shall be computed on the basis of a twenty-four hour day. Bills of lading on approved form shall be signed without prejudice to this charter and subject to this contract as to freight, dead freight, and all other conditions, including loading, discharging, demurrage, and despatch. Vessels shall have an absolute lien on cargo for freight, dead freight, and demurrage, both loading and discharging. * * * The cargo or cargoes shall be delivered and received alongside the vessel where she can load and discharge always safely afloat, and proceed and return always safely afloat, within reach of her tackles."

In each of the cases a provision of the bill of lading for the cargo was relied on as having the effect of making the consignee liable for demurrage due to the ship. Each of the libels contained allegations to the effect that the ship was fully capable of discharging cargo at the stipulated rate of 7,500 bags of sugar per working day, and that the fact that the cargoes were not discharged at that rate was due to the failure and refusal of the consignees to employ and have on hand sufficient stevedores and equipment to take and handle the cargo at the rate the ship was capable of discharging it. Each of the suits asserted the claim that demurrage was due for the time consumed in discharging over and above the time in which the vessel would have been discharged, if it had been discharged at the rate of 7,500 bags a day. Pursuant to an agreement of the parties the six suits were consolidated. By the decree appealed from the claims asserted by the libels were rejected. The opinion rendered by the District Judge shows that he concluded that under the bills of lading the appellees were liable for whatever demurrage properly accrued in favor of the appellant, but that the demurrage claimed did not accrue.

In view of the conclusion stated below, it may be assumed, without being decided, that if any demurrage accrued in favor of the appellant the appellees were liable therefor. As above shown, the charter party provided that the cargo should be delivered and received alongside of the vessel within reach of its tackles. In behalf of the appellant it is contended that the evidence showed that each of the ships could, and would, have discharged at the agreed rate, if the consignees had received the bags of sugar as fast as they could be swung out over the wharf; that the failure of the ship to discharge at the agreed rate was due to the fault of the consignees in not providing sufficient stevedore services and equipment for the removal of the cargo from the wharf as fast as the ship could discharge it, or fast enough to prevent an undue accumulation of cargo on the wharf; and that the delay in discharging the cargo would have been obviated, if the consignees, instead of employing the ship's stevedore to remove cargo from the wharf,

had at a greater cost employed another stevedore to do that work fast enough to prevent cargo being piled on the wharf in such amount as to endanger it. If the evidence sustained the just mentioned contentions, it would not follow that appellant was entitled to the demurrage claimed. If the carrier had discharged the cargo at the agreed rate and the consignees had failed to receive it, the carrier could have had it moved to a place of safety and charged the consignees with the expense of so doing. Turnbull v. Citizens' Bank of Louisiana (C. C.) 16 Fed. 145; The Eddy, 5 Wall. 481, 495, 18 L. Ed. 486. There is no evidence as to what expense would have been incurred if the appellant had adopted that course. In the absence of such evidence, it may be presumed that such expense would have been substantially less than the amount claimed as demurrage. The appellant was under a duty to minimize the damage resulting from the appellees' failure to provide for receiving the cargo at the rate it could and would have been discharged from the ship, but for the default of the appellees. The appellant is not entitled to recover the amount of demurrage claimed, if it was entirely practicable for it to obviate any delay beyond the lay days by incurring and charging against the appellees an expense substantially less than the amount of demurrage claimed for the avoidable delay.

The decree is affirmed.