SON SHIPPING CO., Inc. v. DE FOSSE & TANGHE et al.

No. 26, Docket 22394.

United States Court of Appeals Second Circuit.

Argued Oct. 16, 1952.

Decided Nov. 12, 1952.

Hill, Rivkins & Middleton, New York City, for appellants; Gregory S. Rivkins and John J. Killea, New York City, of counsel.

Dow & Symmers, New York City, for appellee; John R. Sheneman and William A. Wilson, New York City, of counsel.

Before AUGUSTUS N. HAND, CHASE and CLARK, Circuit Judges.

CHASE, Circuit Judge.

The principal problem presented by this appeal is whether an arbitration clause in a charter party was so incorporated in bills of lading that the provisions for arbitration in the charter party are enforceable.

De Fosse & Tanghe chartered the tanker Norita, on June 29, 1948, to transport a full cargo of fuel oil from Antwerp to Tel Aviv and Haifa, Palestine. It is probable that De Fosse & Tanghe were acting as agents for Solel Boneh, Ltd., but that is not entirely clear and is immaterial on this appeal.

On July 1, 1948, the master of the Norita signed and delivered to Raffinerie Belge De Petroles S. A., as the shipper,. two memorandum order bills of lading accepting the receipt aboard the vessel of 9,089,038 kilos of oil. This oil had been purchased from the above named shipper by Solel Boneh, Ltd., and the shipper later delivered to that buyer the usual commercial documents including the order bills of lading, indorsed in blank. While the vessel was proceeding from Antwerp to Palestine, Solel Boneh, Ltd., sold the full cargo of oil to The Palestine Electric Corporation and delivered the documents to it.

The vessel duly arrived at Tel Aviv, where it discharged one-half of its cargo, and at Haifa where the remainder was discharged on July 16, 1948. On July 18, 1948, the ultimate consignee made claim against the vessel for short delivery to the extent of a little over 242 metric tons of oil. Nothing further seems to have been done until, on April 14, 1950, the charterer demanded arbitration of the claim in accordance with the charter provisions. The shipowner denied liability, declined to arbitrate and brought this proceeding to secure a permanent injunction to prevent the arbitration of the dispute. The injunction was granted and this appeal followed.

The charter party provided that, "Any and all differences and disputes of whatsoever nature arising out of this charter shall be put to arbitration in the city of New York * * *" and there is no question but that the provisions of this charter were duly invoked by the appellants, if their demand for arbitration was timely. The order bills of lading provided in part as follows:

"This shipment is carried under and pursuant to the terms of the charter dated Antwerp, June 29th, 1948 between Son Shipping Company and De Fosse & Tanghe, charterer, and all the terms whatsoever of the said charter except the rate and payment of freight specified therein apply to and govern the rights of the parties concerned in this shipment."

The injunction was granted because the court was of the opinion (1) that the language above quoted was insufficient as a matter of law to make the terms of the charter party in respect to arbitration a part of the bills of lading; and (2) that this dispute arose out of the non-fulfillment of the terms of the bills of lading as to which there were no applicable provisions for arbitration. We do not agree.

These order bills of lading specifically referred to the charter party and, in language so plain that its meaning is unmistakable, incorporated in the bills all the terms "whatsoever" of the charter party "except the rate and payment of freight specified therein." The very breadth of the language of inclusion is emphasized by the specific exception and leaves no fair doubt as to the meaning of the parties. Gronstadt v. Withoff, C.C.S.D.N.Y., 21 F. 253; The Silverbrook, D.C.E.D.La., 18 F.2d 144. Since it is so plain that the provisions for arbitration in the charter party were brought over into the bills, it is unnecessary to make any distinction in this instance between the two documents. See In re Canadian Gulf Line, 2 Cir., 98 F.2d 711. Where terms of the charter party are,. as here, expressly incorporated into the bills of lading they are a part of the contract of carriage and are binding upon those making claim for damages for the breach of that contract just as they would be if the dispute were between the charterer and the shipowner. See The Fri, 2 Cir., 154 F. 333; Gronstadt v. Withoff, supra; The Silverbrook, supra. See also United States v. Sugarland Industries, D.C.S.D.Tex., 281 F. 239, affirmed, 5 Cir., 296 F. 913; One

Thousand and Two Bales of Sisal Hemp, D.C.S.D.Ala., 75 F. 408.

Since our decision in Kulukundis Shipping Company v. Amtorg Trading Corp., 2 Cir., 126 F.2d 978, it should be understood that arbitration clauses are to be treated like any other contract provisions. Thomas & Son v. Portsea Steamship Company, 1912, A.C. 1, and cases in this circuit like The Thrasyvoulos, D.C.S.D.N.Y., 28 F.Supp. 434, and The Harmatris, D.C. S.D.N.Y., 1940 A.M.C. 797, which followed it, and upon which the appellee relies, are not approved in so far as they are contrary.

 Nor does the reservation to the carrier in the charter party of all rights it would have under The Carriage of Goods by Sea Act, 46 U.S.C.A. § 1300 et seq., make the demand for arbitration untimely. It is true that the demand was not made within the one year limitation upon suits, contained in § 1303(6) of the above Act, but there is, nevertheless, no time bar because arbitration is not within the term "suit" as used in that statute. Instead, it is the performance of a contract providing for the resolution of controversy without suit. See Murray Oil Products Co. v. Mitsui & Co., 2 Cir., 146 F.2d 381. We are aware that the time within which arbitration may be demanded may be of great importance to the parties who have by contract agreed to have their differences so determined, especially to a shipowner. But unless they see fit to condition their agreement by an express time limitation, a demand within a reasonable time, as here, is not barred.

Order reversed and injunction dissolved.