**In the Matter of Arbitration between IMPORT EXPORT STEEL CORPORATION and Nimpex International, Inc., Petitioners,**

**v.**

**MISSISSIPPI VALLEY BARGE LINE COMPANY, Respondent.**

United States District Court
S. D. New York.
March 24, 1965.

Hill, Rivkins, Louis & Warburton, New York City, for petitioners; Joseph T. McGowan, New York City, of counsel.

Symmers, Fish & Warner, New York City, for respondent; William Warner, New York City, of counsel.

CROAKE, District Judge.

This is a petition by Import Export Steel Corporation (herein Impex) and Nimpex International, Inc. (herein Nimpex) for an order pursuant to 9 U.S.C. § 4 directing that arbitration proceed between the petitioners and the respondent in accordance with certain agreements and that Mississippi Valley name an arbitrator within fifteen days after a determination of the instant application.

The dispute arises out of the loss of a cargo of steel coils when the S.S. "DORI" sank off The Azores on or about January 16, 1964. The petitioners claim, *inter alia*, that the vessel was unseaworthy at the commencement of the voyage and that Mississippi Valley breached the con-

tract of carriage in failing to make delivery of the coils. It is asserted that Impex was the owner of the coils at the time the DORI sank.

On October 23, 1963, Bulk Carriers, Ltd., chartered the S.S. "DORI" from her owners. On that same date, Nimpex entered into a charter party agreement with Bulk which provided for the carriage of the coils in question from Bremen or Emden, Germany, to New Orleans, Louisiana, on the S.S. "DORI." Paragraph 26 of that agreement provided that:

> "Should any dispute arise between the Owners and the Charterers, the matter in dispute shall be referred to three persons in New York, one to be appointed by each of the parties hereto, and the third by the two so chosen, their decision or that of any two of them, shall be final, and for the purpose of enforcing any award, this agreement may be made a rule of the Court. The Arbitrators shall be commercial men."

On November 4, 1963, Mississippi appointed Bulk as its "overseas Agents" whose "primary function" was to be the solicitation of overseas cargo for carriage on the waterways served by Mississippi. It is asserted that the only interest of Mississippi was to obtain freight for its river line and that the entire ocean freight, plus a commission on the river freight, was to be retained by Bulk. It is further stated that the involvement of the respondent in the instant matter was pursuant to this arrangement with Bulk. Mississippi also confirmed "that we are prepared to issue through you, as agents of the Mississippi Valley Barge Line Company, 'Through Bills of Lading' from point of origin overseas through to destination on the waterways which we serve."

The Charter Party was amended by an addendum dated December 13, 1963. That addendum contained the following provisions:

> "1—OBLIGATIONS: All the terms, and conditions applying to both the

Disponent Owners and the Charterers, and which do not refer to both parties' obligations and privileges at the loading ports, have been deleted.

> "2—THROUGH B/L: The Disponent Owners will issue to the Charterers, upon completion of loading at German Ports, and concurrently with the payment of the through-freight due, a Mississippi Valley Barge Line Company through-bill-of-lading, as attached. Disponent Owners will deliver the cargo, after trans-shipment from the DORI at New Orleans, and carriage by Mississippi Valley Barge Line Company owned or operated barges, to Chicago, Illinois * * * at a through rate and on terms stipulated below. * * *

> *    *    *    *    *

> "9—ARBITRATION: Should any dispute arise between the Disponent Owners and the Charterers, the matter in dispute shall be referred to three persons in New York, one to be appointed by each of the parties hereto, and the third by the two so chosen, and their decision, or that of any two of them, shall be final, and, for purpose, of enforcing any award, this agreement may be made a rule of the Court. The Arbitrators shall be commercial men."

Mississippi and Bulk entered into the following memorandum of agreement, dated December 13, 1963:

> "It is this day mutually agreed between Mississippi Valley Barge Line Company, St. Louis, Missouri, and Bulk Carriers, Ltd., New York, New York, that:

>> "S.S. Dori Charter Party dated October 23, 1963, and Addendum dated December 13, 1963, has been of this day, sublet by Bulk Carriers, Ltd. to the Mississippi Valley Barge Line Company.

> "The Mississippi Valley Barge Line Company will assume all the obligations and privileges of Bulk Car-

riers, Ltd. under the above Charter Party and the Addendum thereto. In exchange, Bulk Carriers, Ltd., as agents for the Mississippi Valley Barge Line Company, will issue a through bill of lading covering the carriage by sea, transshipment and onward carriage by barge."

Respondent claims that it did not assume all the obligations and privileges of Bulk under the charter party and addendum and states that Bulk retained all the freight paid for the ocean carriage.

The coils were delivered to the "DORI" and the Master issued bills of lading covering the carriage. Bulk executed through bills of lading as agents for Mississippi Valley. Copies of these bills annexed to the moving papers show Impex as the notify party. The through bills contained the following clause:

"All the terms, conditions, liberties and exceptions of the Charter Party dated 23.10.63 and addendum thereto dated 13.12.63 are herewith incorporated. Wherever the terms, conditions, liberties and exceptions of this Charter Party and addendum thereto conflict with the terms of part (I) of this bill of lading, the former will govern."

By letter dated May 26, 1964, a demand was made that the respondent arbitrate the dispute and appoint an arbitrator by June 15, 1964.

The demand was acknowledged, but compliance therewith has not been had. Petitioners have, on their own behalf and on the part of all parties interested in the cargo, named one Harry A. Sperling of Continental Grain Company, 2 Broadway, New York, New York, as arbitrator.

The court has examined the arguments of and cases cited by counsel, and is of the opinion that an order directing arbitration is warranted by dint of the memorandum of agreement dated December 13, 1963 and the incorporation provision in the through bills of lading, as is af-firmatively indicated by the Court of Appeals of this Circuit in Son Shipping Co. v. De Fosse & Tanghe, 199 F.2d 687 (2d Cir. 1952).* Accordingly, the petition for an order directing that arbitration proceed is granted and the respondent is directed to designate an arbitrator within fifteen days from the filing hereof.

So ordered.

---

* Compare Lowry & Co. v. S.S. Nadir, 223 F.Supp. 871, 873–874 (S.D.N.Y.1963).