**TROPICAL GAS COMPANY, Plaintiff,**

v.

**M/T MUNDOGAS CARIBE, her engines, boilers, tackle, appurtenances, furniture and fixtures, in rem, Defendant.**

Civ. No. 64–73.

United States District Court,
D. Puerto Rico.

Oct. 9, 1974.

Jimenez & Fuste by Herbert W. Brown III, San Juan, P. R., for plaintiff.

Hartzell, Ydrach, Mellado, Santiago, Perez & Nova, Hato Rey, P. R., for defendant.

## OPINION AND ORDER

TOLEDO, Chief Judge.

On January 22, 1973, Tropical Gas Company, Inc., filed an action in rem against M/T Mundogas Caribe. Said libel was subsequently amended on February 7, 1973. In its complaint the plaintiff alleges that it delivered or caused to be delivered to M/T Mundogas Caribe a shipment of Liquified Petroleum Gas in good order and condition at the port of La Salina, Venezuela. The vessel accepted the Liquified Petroleum Gas so delivered to it and agreed to carry the same to the ports of Bahia Andres at Santo Domingo in the Dominican Republic and there deliver it to the plaintiff or its order, in like good order and condition as when it was shipped.

On January 24 and 25, 1973, the liquified petroleum gas was off-loaded at the Ports of Bahia Andres in the Dominican Republic, but not in like good order and condition as when it was delivered to the defendant by the plaintiff. Shortly after the delivery took place it was discovered that the shipment had been contaminated by a chemical used in the manufacture of plastic. In view of the facts outlined above, Tropical Gas Company, Inc., filed the present libel against M/T Mundogas Caribe in rem.

On May 8, 1974, the defendant filed a motion to stay proceedings pending arbitration procedures provided in Clause 49 of the Tanker Time Charter Party entered into by Tropical Gas Company Inc. and Mundogas Caribe S. A. on August 6, 1970.

Said Clause 49 reads as follows:

"Any and all differences and disputes of whatsoever nature arising out of this Charter shall be put to arbitration in the City of London, New York pursuant to the laws relating to arbitration there in force. . ."

The issue before this Court is whether an arbitration clause in a charter party was so incorporated in the bill of lading that the provisions in the charter party are enforceable.

Admiralty courts have long deemed agreements to arbitrate maritime disputes as being within their jurisdiction. Illustrative of this is Red Cross Line v. Atlantic Fruit Co., 264 U.S. 109, 122, 44 S.Ct. 274, 68 L.Ed. 582 (1924), where Justice Brandeis noted that maritime

controversies were settled by arbitration in the English admiralty courts from around 1340 A.D. and in the United States from at least, as early as the Eighteenth Century. He went on to note, however, that the admiralty could not grant specific performance of such agreements merely because the courts lack the power to grant equitable relief. 9 Moore's Federal Practice P. 300, pp. 300.

Shortly after the Supreme Court's decision in the case of Red Cross Line v. Atlantic Fruit Co., supra, Congress enacted the United States Arbitration Act, S. 43 Stat. 883–886.

Section 2 provided:

"That a written provision in any maritime transaction . . . to settle by arbitration a controversy thereafter arising out of such . . . transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as [to] exist at law or in equity for the revocation of any contract."

The bill of lading in the case at bar reads as follows in its pertinent parts:

". . . This shipment is carried under and pursuant to the terms of the Charter dated _____ between _____ and _____."

Bills of lading are often issued under a charter-party. Therefore, we have two contractual documents covering the contract of coverage. The charter party and the bill of lading. The charter party will be more detailed and will often contain provisions more favorable than those in the Bill of Lading. Generally the Court requires a clear manifestation of intention to incorporate the entire charter or the particular term sought to be enforced. Gilmore & Black, the Law of Admiralty, Ch. IV, p. 194.

In Son Shipping Co. Inc. v. De Fosse & Tanghe, 199 F.2d 687 (2 Cir. 1952), the Court, at page 688 stated:

"These order bills of lading specifically referred to the charter party and in language so plain that its meaning is unmistakably incorporated in the bill all the terms 'whatsoever' of the charter party 'except the rate and payment of freight specified therein.' The very breadth of the language of inclusion is emphasized by the specific exception and leaves no fair doubt as to the meaning of the parties. . . . Since it is so plain that the provisions for arbitration in the charter party were brought over into the bills, it is unnecessary to make any distinction in this instance between the two documents. . . . Where terms of the charter party are, as here, *expressly incorporated into the bills of lading they are a part of the contract of carriage and are binding upon those making claim for damages for the breach of that contract* just as they would be if the dispute were between the charterer and the shipowner." (Emphasis added).

In Southwestern Sugar & Molasses Co. v. The Eliza Jane Nicholson, 126 F. Supp. 666 (S.D.N.Y.1954), it was held that a bill of lading which referred to a charter party but which left blank the names of the parties and the date of the charter (like the case at bar) was ineffective to incorporate the terms of the charter by reference into the bill of lading.

In this case the bill of lading read as follows:

"This shipment is carried under and pursuant to the terms of the charter dated * * * at * * * between * * * and * * * as charterer, and all the terms whatsoever of the said charter except the rate and payment of freight specified therein apply to and govern the rights of the parties concerned in this shipment."

All blank spaces in the form bill of lading were filled in except those which if filled in would identify the incorporated charter party.

It was held that there was no incorporation of the terms of the charter party into the bills of lading.

Other case in similar situation is Demsey & Associates Inc. v. SS Sea Star, 321 F.Supp. 663 (S.D.N.Y.1970), where while each bill of lading was subtitled, "To be used with Charter-Parties" and contained the following additional language with regard to charter parties, " * * * freight at the rate of (say per ) as per Charter-Party, dated

"All the terms, conditions, liberties, and exceptions of the Charter-Party are herewith incorporated".

The Court held that this does not show what, if any, charter party was intended to be incorporated.

In view of the fact that there is no plain or express incorporation of the charter party in the bill of lading and also based on the decisions of Son Shipping Co. Inc. v. De Fosse & Tanghe, supra; and Demsey and Associates Inc. v. SS Sea Star, supra, defendant's motion to stay proceedings pending arbitration is hereby denied.

It is so ordered.