## ASSOCIATED METALS AND MINERALS CORPORATION

v.

## M/V VENTURE, et al.

### Civ. A. No. 82–0582.

United States District Court, E.D. Louisiana.

Jan. 6, 1983.

Stanley McDermott, III, of Montgomery, Barnett, Brown & Read, New Orleans, La., for plaintiff.

E. Carroll Rogers, of Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, La., for defendants.

## ORDER

CHARLES SCHWARTZ, Jr., District Judge.

This matter came before the Court on the motion of defendant, South African Marine Corporation, Ltd., for a stay of the proceedings pending arbitration. Following oral argument, and considering the record herein and the law applicable to this matter, the Court granted defendant's motion for the following reasons.

Asoma Steel, Ltd. (Asoma) and South African Marine Corporation, Ltd. (South African Marine) entered into a charter party on December 9, 1980, which contract provided pursuant to Clause 35: .

"All disputes from time to time arising out of this contract shall, unless the parties agree forthwith on a single arbitrator, be referred to the arbitrament of two arbitrators carrying on business in London, who shall be engaged in the shipping trade . . . ."

On January 31, 1981, bills of lading were issued as required by Clause 9 of the charter party; the bills of lading contained the following provision:

"Charterparty dated Capetown 9th December 1980 all the terms, conditions and exceptions contained in which charter are herewith incorporated."

Those bills of lading were issued to Asoma and were subsequently negotiated to Associated Metals and Minerals Corporation (Associated Metals).

Arbitration proceedings have already been commenced against the charterers, Asoma; accordingly, defendant seeks a stay of the current proceeding on the basis that the bills of lading specifically incorporate the terms of the charter party, which provide for arbitration. Plaintiff objects to a stay, contending that it was not a party to the charter party between South African Marine and Asoma and that its rights against the vessel are grounded exclusively in the bills of lading. Plaintiff argues that the arbitration clause is restricted to disputes arising out of "this contract," i.e., the charter party, such that only disputes between South African Marine and Asoma arising out of the charter party are subject to arbitration.

Plaintiff relies on two British decisions in support of its position, *The Phoenizien*, (1966) 1 Lloyds Rep. 150, and *The Merak*

(1964) 2 Lloyds Rep. 527, which interpret "incorporation" as requiring an explicit and specific reference to the bill of lading for it to be arbitrable; absent such a reference the arbitration clause would refer only to charter party disputes and would not be extended to claims independent of the charter party. Specifically, the charter provided that "any dispute arising out of this Charter or any Bill of Lading issued hereunder shall be referred to arbitration." *The Merak,* id., at 529. The Bill of Lading issued provided:

> "All the terms, conditions, clauses and exceptions (of) the said charter party apply to this Bill of Lading and are deemed to be incorporated herein."

Plaintiff does not dispute that the bills of lading in the present case incorporate "the terms, conditions and exceptions" of the South African Marine/Asoma charter party; however, plaintiff argues that mere incorporation is not sufficient to require an indorsee, such as itself, of the bills of lading to arbitrate its claim, contending that the charter party only refers to arbitration of those disputes between the signatories to the charter party. Since the charter party did not provide for arbitration of any dispute arising out of the charter "or any bill of lading issued hereunder," plaintiff argues that it cannot be made a party to arbitration proceedings.

Defendant contends that non-signatory status is not determinative of obligations owed under a bill of lading, and that the bill of lading *does* incorporate the terms of the charter party and that the charter party *does* provide for arbitration of disputes arising out of the *contract,* which includes the current dispute between the plaintiff, who is an indorsee of the bills of lading, and defendant.

■ Where a bill of lading, as here, has been transferred for value to a third party not a party to the charter party, it constitutes an undertaking independent of the charter party except as to provisions of the charter party expressly incorporated into it. *Chilean Nitrate Sales Corp. v. The NORTUNA,* 128 F.Supp. 938 (S.D.N.Y.1955). Thus,

third parties, since they are strangers to the charter party, should be able to rely on clean bills of lading free from the restraint of agreements between the shipowner and charterer, as to which the third parties have no notice. *Chilean Nitrate Sales Corp.,* id. However, notice is effectively given where the terms of the charter party are expressly incorporated into the bill of lading. *Mitsubishi Shoji Kaisha Ltd. v. M/S GALINI,* 323 F.Supp. 79 (S.D.Tex.1971); *Son Shipping Co. v. De Fosse & Tanghe,* 199 F.2d 687 (2d Cir.1952).

■ Plaintiff here does not dispute that the bills of lading incorporated the terms of the charter party. Therefore, the issue to be resolved is whether the charter party's provisions for arbitration are applicable to the dispute between plaintiff and defendant. The charter party provides for arbitration for "all disputes ... arising out of this contract ... unless the parties agree forthwith. ..." The most reasonable interpretation of the intent of that clause is that where the contract provides for arbitration of those who are "parties" to the contract, and is not limited to disputes between the "owner and charterer," the arbitration clause is applicable to the ultimate consignee of the cargo. *Mitsubishi Shoji Kaish Ltd. v. M/S GALINI,* supra, *Lowry & Co. v. S/S S/S NADIR,* 223 F.Supp. 871 (S.D.N.Y. 1963), *Kurt Orban Co. v. S/S CLYMENIA,* 318 F.Supp. 1387 (S.D.N.Y.1970). Accordingly,

IT IS ORDERED that the motion of defendant to stay these proceedings pending arbitration be and it is hereby GRANTED.