**ALUCENTRO DIV. DELL'ALUSUISSE ITALIA S.P.A., et al., Plaintiffs,**

v.

**The M/V HAFNIA, etc., et al., Defendants.**

**No. 90–890–Civ–J–12.**

United States District Court, M.D. Florida, Jacksonville Division.

Oct. 2, 1991.

---

G.J. Rod Sullivan, Jr., Alan B. Vlcek, Sullivan & Vlcek, Jacksonville, Fla., Machale A. Miller, I. Matthew Williamson, and John F. Fay, Jr., O'Neil, Eichin, Miller & Breckinridge, New Orleans, La., for plaintiffs.

James J. Taylor, Jr., Gabel, Taylor & Dees, Jacksonville, Fla., for defendants.

**ORDER GRANTING DEFENDANT'S ALTERNATIVE MOTION TO STAY PENDING ARBITRATION**

MELTON, District Judge.

This cause is before the Court upon Defendants' [sic] Alternative Motion to Stay Pending Arbitration, filed by defendant Fivestar Marine Co., Ltd., *in personam*, on January 8, 1991. Plaintiffs' response was filed on February 15, 1991. Defendant filed a reply to plaintiffs' response on March 8, 1991, to which plaintiffs responded on March 14, 1991. Defendant filed a notice of supplemental authorities on May 7, 1991.

The Court refers to the facts set forth in the parties' submissions, rather than repeat them here. The question raised by defendant's motion is whether plaintiffs/cargo owners and defendant/vessel owner are bound by agreement under the bill of lading to arbitrate disputes arising under the bill of lading in London. Such agreement would require plaintiffs to arbitrate the claims alleged in their First Amended Complaint, filed December 13, 1990, and would cause this Court to stay these proceedings pending the outcome of the arbitration. For the reasons set forth below, the Court will grant defendant's motion and stay all further proceedings in this cause pending arbitration of plaintiffs' claims.

The bill of lading specifically incorporates provisions of a charter party between non-parties to this suit in a hand-typed provision which states:

factual inquiry as to whether the measures taken pursuant to the RI/FS are indeed being "diligently pursued."

All terms, conditions, liberties, exceptions, clauses *and arbitration clause* of charter party dated 22 March 1990 and any addenda thereto, are herewith incorporated.

Exhibit B to Defendant's Motion. (Emphasis added.) The incorporated arbitration clause provides:

Arbitration to be settled in London. Owners and charterers each to appoint one arbitrator and the two so chosen shall nominate an Umpire. Any claim arising under this Charter party has to be made in writing within 6 months after final discharge. Should one of the parties neglect or refuse to appoint an arbitrator within 21 days after receipt of written notice request from the other party, the arbitrator of this other party shall decide the dispute a sole arbitrator and his decision will be final and binding for both parties.

Exhibit A to Defendant's Motion. The Court notes as an initial matter that the bill of lading specifically incorporates the arbitration clause of the charter party, in addition to all of its other terms and provisions, so all parties and their successors in interest may be charged with notice that the charter party arbitration clause was assimilated into the bill of lading.

While conceding that the charter party arbitration clause was incorporated into the bill of lading, plaintiffs assert that the incorporated arbitration clause is restrictive and applies only to "owners" and "charterers" and to disputes arising under the charter party. Thus, plaintiffs maintain that the clause does not apply to them as shippers, nor does it require arbitration of disputes arising under the bill of lading. Plaintiffs also contend that binding Eleventh Circuit precedent prohibits enforcement of the arbitration clause under the Carriage of Goods by Sea Act ("COGSA"). The bill of lading in this case contains a provision voiding any of the terms of the bill of lading repugnant to COGSA, and thus making COGSA's provisions apply to this private contract of carriage.

Review of the case law reveals that courts have identified two types of arbitration clauses contained in charter parties that non-signatories, or non-parties, to the charter party often incorporate into bills of lading. Some of these incorporated arbitration clauses contain restrictive language limiting the applicability of the arbitration clause to "disputes arising between owners and charterers." *See Import Export Steel Corp. v. Mississippi Valley Barge Line, Inc.,* 351 F.2d 503 (2d Cir.1965) (incorporated language: "Should any dispute arise between the Disponent Owners and the Charterers . . ."); *Continental U.K. Ltd. v. Anagel Confidence Compania Naviera, S.A.,* 658 F.Supp. 809 (S.D.N.Y.1987) (incorporated language: "Should any dispute arise between Owners and the Charterers . . ."); *Production Steel Co. of Illinois v. S.S. Francois L.D.,* 294 F.Supp. 200 (incorporated language: "Should any dispute arise between the Owners and the Charterers . . ."). When the scope of the incorporated arbitration clause is limited to disputes between owners and charterers, a court can compel arbitration only if the parties can be construed as owners or charterers. *Continental U.K.,* 658 F.Supp. at 814.

On the other hand, however, non-parties may be bound to incorporated arbitration clauses when the language in the clause does not pinpoint disputes between owners and charterers, but instead, more generally requires arbitration of "all disputes arising out of the charter." *See Son Shipping Co. Inc. v. De Fosse & Tanghe,* 199 F.2d 687 (2d Cir.1952) (incorporated language: "Any and all differences and disputes of whatsoever nature arising out of this charter . . ."); *Midland Tar Distillers, Inc. v. M/T Lotos,* 362 F.Supp. 1311 (S.D.N.Y.1973) (incorporated language: "Any dispute arising in any way whatsoever out of this Charter–Party shall be settled in London, Owners and Charterers each appointing Arbitrator– . . ."); *Lowry & Co., Inc. v. S.S. Le Moyne D'Iberville,* 253 F.Supp. 396 (S.D.N.Y.1966) (incorporated language: "all disputes . . . arising out of this contract . . ."). In order to bind non-parties, the language in the incorporated clause must be broad enough to allow non-signatories' disputes to be brought within its terms. *Continental U.K.,* 658 F.Supp. at 814. "The courts

recognize that parties are free to choose their contractual language, and an arbitration clause governing 'all disputes arising out of this charter' is meant to have a much broader application than one governing disputes between 'owners and the charterers.'" *Id.* (Citations omitted.) Nonparties are bound because when the terms of the charter party are expressly incorporated into the bill of lading, they become part of the contract of carriage. Thus the incorporated terms are binding when a party makes damage claim for breach of the bill of lading just as they would be if the dispute was between parties to the charter agreement. *Son Shipping*, 199 F.2d at 688.

The Court is of the opinion that the language in the incorporated arbitration clause—"all claims arising under the charter party"—parallels the language that other courts have held binding upon non-parties through an incorporated clause—"all disputes arising under the charter." In addition, no language in the arbitration clause in this case focuses on *disputes* between owners and charterers. As a result, the adoption of the charter party's arbitration clause in the bill of lading evidences the parties' agreement to arbitrate disputes arising under the bill of lading in accordance with its terms.

Plaintiffs also argue that *State Establishment for Agricultural Product Trading v. M/V Wesermunde*, 838 F.2d 1576 (11th Cir.), *cert. denied*, 488 U.S. 916, 109 S.Ct. 273, 102 L.Ed.2d 262 (1988), bars enforcement of the arbitration clause. In that case, the court held that when COGSA applies via contract provision in a private contract of carriage, a foreign arbitration clause similar to the one at issue would be ineffective against a party who did not have actual notice of the clause. In other words, the *Wesermunde* court held when a private contract of carriage incorporates COGSA, as in the case at bar, the parties may expressly agree to arbitrate disputes in a foreign country having no nexus to the transaction, and thus forgo COGSA's protection, only if the parties have actual notice of the arbitration provision.

As noted above, the parties made specific reference to the arbitration provision of the charter party in the hand-typed incorporating clause of the bill of lading. It would be disingenuous to argue that actual notice did not exist given this fact. Therefore, because the parties expressly incorporated the foreign arbitration provision, they agreed to give up their rights to an American forum under COGSA.

The Court reaches the same result applying the requirements of the Convention on the recognition and Enforcement of Foreign Arbitral Awards, and utilizing the analysis and principles set forth in *Sedco, Inc. v. Petroleos Mexicanos Mexican National Oil Co.*, 767 F.2d 1140, 1144–50 (5th Cir.1985).

Accordingly, upon consideration of the parties' submissions, entire file, and relevant law, and the Court being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED:

1. That Defendants' [sic] Alternative Motion to Stay Pending Arbitration, filed by defendant Fivestar Marine Co., Ltd., *in personam*, on January 8, 1991, is granted; and

2. That this cause is hereby stayed pending arbitration of plaintiffs' claims. Plaintiffs shall promptly file a motion to lift the stay upon the conclusion of arbitration.

DONE AND ORDERED.