## UNITED STATES
### v.
### THE SOUTH STAR et al.
### No. 141, Docket 22911.

United States Court of Appeals, Second Circuit.
Argued Jan. 14, 1954.
Decided Feb. 9, 1954.

Warren E. Burger, Asst. Atty. Gen., J. Edward Lumbard, U. S. Atty., for the Southern Dist. of N. Y., New York City, Samuel D. Slade and Benjamin Forman, Attys., Dept. of Justice, Washington, D. C., for appellant.

Burlingham, Hupper & Kennedy, New York City, for respondent-impleaded, appellee, James W. Elwell & Co., Inc., Burton H. White and Elliott B. Nixon, Jr., New York City, of counsel.

Hill, Rivkins, Middleton, Louis & Warburton, New York City, for respondent-impleaded, Charleston Stevedoring Co., Thomas H. Middleton and Allan B. Lutz, New York City, of counsel.

Before FRANK, MEDINA, HINCKS, Circuit Judges.

MEDINA, Circuit Judge.

Libellant having suffered cargo damage pursued its remedy against the vessel and the owner thereof in admiralty by proceeding *in rem* against the SS "South Star" and *in personam* against the owner, Prudential Steamship Corporation, which in due course impleaded the ship's agent, James W. Elwell & Co., Inc. and the stevedore, Charleston Stevedoring Company. It is stipulated that the cargo in question was discharged and delivered prior to January 19, 1949; and the libel was filed on November 10, 1950, in the United States District Court for the Southern District of New York, whose jurisdiction is not in dispute.

The space charter, between libellant and Prudential Steamship Corporation,

contained the usual provision that "the owner shall supply all services customarily rendered by the owner in connection with the handling of commercial cargo," and Article 15, Limitation of Liability, which was also a part of said charter provided:

"(a) The owner and the vessel in all matters arising under this charter party shall be entitled to the privileges and rights and immunities as are contained in Section 3 (6), Section 4 (except sub-section (4) thereof) and Section 11 of the Carriage of Goods by Sea Act of the United States approved April 16, 1936 [46 U.S.C.A. §§ 1303(6), 1304, 1310]. The aforesaid provisions (except as may be otherwise specifically provided herein) shall govern before the goods are loaded on and after they are discharged from the vessel and throughout the entire time the goods are in the custody of the owner or vessel."

██ We shall not pass upon the procedural questions involved, as the determination by Judge Leibell of the controlling question of substantive law, D.C., 115 F.Supp. 102, disposes of the case; and we agree with the conclusion arrived at by him on that question. The one year period of limitation prescribed by the Carriage of Goods by Sea Act having expired before the filing of the libel, neither the vessel nor the owner can be held. In view of the terms of the charter, it is immaterial that no bill of lading appears to have been executed and delivered. As the vessel and the owner were under the duty of stowage in a proper manner, Judge Leibell held that the limitation provisions of the charter enured also to the benefit of the ship's agent and the stevedore, to whom the performance of such duty had been delegated. We agree with this view, which is in accord with the holding of the Fifth Circuit in A. M. Collins & Co. v. Panama R. Co., 5 Cir., 197 F.2d 893, certiorari denied, 344 U.S. 875, 73 S.Ct. 168, 97 L.Ed. 677.

Affirmed.