**SOUTHWESTERN SUGAR & MOLASSES COMPANY, Inc., Libelant,**

v.

**THE ELIZA JANE NICHOLSON, her engines, etc., Bernuth, Lembcke Company, Inc. and General Molasses Company, Claimant-Respondents.**

United States District Court,
S. D. New York.

Dec. 27, 1954.

Crowell & Rouse, New York City, proctors for libelant. George L. Varian, New York City, of counsel.

Kirlin, Campbell & Keating, New York City, proctors for Bernuth, Lembcke Co., Inc. Michael F. Whalen, New York City, Edward J. Heine, Jr., advocates.

Burlingham, Hupper & Kennedy, New York City, proctors for General Molasses Co. Herbert M. Lord, New York City, of counsel.

McGOHEY, District Judge.

Southwestern Sugar and Molasses Co. has filed a libel against the S/T Eliza Jane Nicholson; her owner, Bernuth, Lembcke Co., Inc.; and General Molasses Co., charterer.

The libel alleges that Bernuth, Lembcke chartered the vessel to General Molasses Co. for the carriage of a full cargo of molasses; that the charter party contained the following arbitration clause:

"26 * * * Any and all difference and disputes of whatsoever nature and arising out of this Charter shall be put to arbitration in the City of New York pursuant to the laws relating to arbitration there in force, before a board of three persons consisting of one arbitrator to be appointed by the Owner, one by the Charterer, and one by the two so chosen. The decision of any two of the three on any point or points shall be final. * * * Awards pursuant to this clause may include costs, including a reasonable allowance for attorneys' fees, and judgment may be entered upon any award made hereunder in any Court having jurisdiction in the premises."

that pursuant to the terms of the charter party, there was delivered to the vessel 4,446,973 lbs. of beet molasses for delivery to the order of Domestic Concentrates, Inc.; that libelant became the owner of the cargo and entitled to delivery thereof; that when tendered, the cargo was not in the same good order and condition as laden on board said vessel, but on the contrary in a seriously short and contaminated condition, to libelant's damage in the sum of approximately $75,000. As a second cause the foregoing is realleged and further that at the time of delivery there was stored at the delivery point approximately 2,552,816 lbs. of sound, merchantable beet molasses which became contaminated and unmerchantable because of wrongful admixture with the contaminated cargo discharged by the vessel, to libelant's

further damage in the sum of approximately $37,500. In the prayer of the libel, libelant asks:

"1. That an order be entered herein directing any and all differences and disputes of whatsoever nature arising out of the charter hereinbefore mentioned to be submitted to arbitration in the City of New York, pursuant to the provisions of Article 26 of the said charter;

"2. That process in due form of law according to the practice of this Court in cases of Admiralty and Maritime Jurisdiction may issue against the said S/T 'Eliza Jane Nicholson,' her engines, etc., and all persons having or claiming any interest therein be cited to appear and answer under oath all and singular the matters aforesaid and that this Court will be pleased to grant a decree confirming the award of the arbitrators in favor of the libellant for its damages as aforesaid, together with interest and costs and reasonable counsel fees and that the said S/T 'Eliza Jane Nicholson' may be condemned and sold therefore;

"3. That process in due form of law according to the practice of this Court in causes of Admiralty and Maritime Jurisdiction may issue against the respondents, Bernuth, Lembcke & Co. Inc., and General Molasses Company, citing them to appear and answer all and singular the matters aforesaid and that a decree may be entered herein confirming the award of the arbitrators in favor of the libellant against the said respondent for the amount of its damages as aforesaid, together with interest and costs, and reasonable counsel fees;

"4. *That libellant have such other and further relief as to the Court may be just and proper.*" (Emphasis added.)

Respondents have answered by denying liability.

Libelant now moves for an order directing that claimant-respondents designate arbitrators and proceed with arbitration as demanded in the libel and called for in the charter party. A copy of the libel and of the "order" bill of lading are annexed to the moving papers.

From a study of the charter party it appears that Bernuth, Lembcke Co., Inc. chartered to the General Molasses Co., the Eliza Jane Nicholson to proceed to Antwerp or Vlaardingen and there load 9250 minimum/9750 maximum tons of beet molasses. From the bill of lading, which is a printed form with blanks to be filled in with the pertinent information, it appears that there was shipped in apparent good order and condition on board the Eliza Jane Nicholson at the port of Vlaardingen, Netherlands a quantity said to be 2,017,134 kilos [approx. 2292.5 tons] of German beet molasses, to be delivered at the port of Port Richmond, Philadelphia unto "order." "This shipment is carried under and pursuant to the terms of the charter dated * * * at * * * between * * * and * * * as charterer, and all the terms whatsoever of the said charter except the rate and payment of freight specified therein apply to and govern the rights of the parties concerned in this shipment." All blank spaces in the form bill of lading were filled in except those which if filled in would identify the "incorporated" charter party. These, significantly, were left blank.

■ This motion is obviously intended to be a petition under 9 U.S.C.A. § 4 by which the Court is empowered to determine as an issue of fact whether there is a binding arbitration agreement. If there is not, the proceeding (this motion) is to be dismissed. The respondents contend that there was no arbitration agreement in effect between libelant and themselves inasmuch as the bill of lading did not incorporate any specific charter by reference. With this construction of the bill of lading I agree. Son Shipping Co., Inc., v. De Fosse & Tanghe, 2 Cir., 199 F.2d 687, 688, does

indeed hold as libelant urges that a charter party may be incorporated into a bill of lading by reference. But there the appropriate blanks were filled in and, as the Court pointed out:

"These order bills of lading *specifically referred* to the charter party and, in language so plain that its meaning is unmistakable, incorporated in the bills all the terms 'whatsoever' of the charter party * * *." (Emphasis supplied.)

Here it is impossible to tell what charter, if indeed any charter, was intended to be incorporated.

I find therefore that there was no incorporation of the terms of the charter party into the bills of lading. Accordingly there is no binding agreement to arbitrate and libelant's motion will be denied.

Libelant asks that, if this motion be denied, the libel be allowed to stand as a libel for a cause of cargo loss and damage since as appears above it clearly alleges such a cause, and further it prays that process issue "in due form according to the practice of this court in cases of Admiralty and Maritime Jurisdiction" and that "such other and further relief as to the Court may be just and proper" be granted.

■■ Respondent argues that under 9 U.S.C.A. § 4 this Court is without jurisdiction if it finds no arbitration agreement and must dismiss not only this motion but the libel as well. The libel, runs the argument, pleads only a cause to compel specific performance of the arbitration agreement and no amendment should now be permitted since the one-year statute of limitations contained in the Carriage of Goods by Sea Act, 46 U.S.C.A. § 1300 et seq., has run and libelant, if allowed to amend, will be accomplishing by indirection what he could not do directly; that is, the institution of a suit for cargo damage.

Both these contentions are rejected. Libelant by his libel has instituted a cause for cargo loss and damage as it was clearly entitled to do. Incidental to

that cause it has asked that arbitration be ordered. Although the motion for that relief must be denied, the libel is a sufficient pleading of the maritime cause even without amendment. Under a general prayer for relief the Court may decree the relief to which the proofs show libelant entitled.[1] Respondents contend that libelant has elected his remedy by seeking arbitration and, by analogy with those cases holding that a plaintiff who first prosecutes his suit waives his right later to demand arbitration, should now be held to have lost his right to sue. But this case presents the converse of that situation. Logically the converse of a proposition is not always true. Here it obviously is not for, although libelant might possibly be considered to have waived his right to go to arbitration by instituting suit (even this is doubtful under 9 U.S.C.A. § 8), he cannot be held to have waived his right to sue. Such a conclusion would mean that one could never petition a court to determine the validity of an alleged arbitration clause save at the risk of losing all his rights in the premises. This would defeat the purpose of the Arbitration Act and completely nullify 9 U.S.C.A. § 4 since few plaintiffs or libelants would be willing to take such a risk.

Cases cited by the respondents on the question of the Statute of Limitations are not in point. They concern attempts to include by amendment a *new* cause of action which has become barred, or the impleading of a new party, by or against whom suit has become barred. Here, however, the libelant has pleaded a cause of cargo loss against these respondents within the statutory period. The relief asked was specifically that arbitration be compelled and generally for such other and further relief as may be just and proper. Respondent having successfully challenged the right to have this dispute determined by arbitration will not be heard to deny libelant the right to have its claims determined ju-

dicially. Respondent has had full notice of the claim, even as to the amount of damages sought, and is in no way prejudiced. Libelant will be allowed to amend the prayer for relief so as to include the relief to which, consistent with the cause pleaded, it considers itself entitled, and the respondent may serve an amended answer.

Settle order.

---

1. The J. P. Donaldson, C.C.1884, 21 F. 671, certiorari questions on other points answered, 167 U.S. 599, 17 S.Ct. 951, 42 L. Ed. 292.