Edgar J. Nathan, Jr., J.
Upon the foregoing papers this motion by defendant for summary judgment is granted. The Statute of Limitations in the Carriage of Goods by Sea Act (§ 3, subd. [6], U. S. Code, tit. 46, § 1303, subd. [6]) as made applicable by the bills of lading and the similar limitations separately included in the bills of lading herein are available not only to the carrier but to its agent, the defendant. (See United States v. South Star, 210 F. 2d 44 [C. C. A. 2d]; A. M. Collins & Co. v. Panama R. R. Co., 197 F. 2d 893 [C. A. A. 5th], cert, denied 344 U. S. 875.) Plaintiff’s affidavit in opposition raises no issue of fact. Without controverting defendant’s showing that it was the agent of the carrier, plaintiff asserts that ‘1 Regardless of the agreements that may exist between the carrier and the defendant, the plaintiff has a right to sue the defendant as an independent contractor”. This is a theory that was rejected by a majority of the court in the Collins case (supra).