**UNITED STATES of America and Industria E Comercio De Minerios, S.A.,**
Libelants,

v.

**CIA. NAVIERA CONTINENTAL, S.A.,**
Respondent.

United States District Court
S. D. New York.

March 5, 1962.

See also 178 F.Supp. 561.

———◇———

Hill, Rivkins, Middleton, Louis & Warburton, New York City, for libelants; George B. Warburton, Joseph T. McGowan, New York City, Advocates.

Healy, Baillie & Burke, New York City, for respondent; Nicholas J. Healy, 3rd, William G. Mead, New York City, Advocates.

DAWSON, District Judge.

The libelants in this action have moved for an order referring the disputes here involved to arbitration and overruling respondent's exceptive allegations with respect to the libel.

The libel sets forth two causes of action. The first cause of action seeks relief under the provisions of the United States Arbitration Act, 9 U.S.C. § 4, and asks that the respondent be directed to arbitrate the claim of libelants for damages alleged to have resulted from the loss of a cargo of manganese ore en route from Brazil to the United States on board the Italian S. S. Bonitas, which sank at sea on or about February 19, 1958. The second cause of action is for the breach of a marine contract of affreightment and charter party in that the aforesaid loss of cargo was due solely to the unseaworthiness of the Bonitas, the vessel furnished and delivered by respondent to fulfill and perform its obligations under the affreightment contract and charter party.

The libelant, Industria E Comercio de Minerios, S. A. ("ICOMI"), a Brazilian mining corporation, was the shipper and the United States, the other libelant in this suit, was the intended receiver of the ore. The Bonitas was chartered by the respondent from its Italian owners in order to partially fulfill a commitment to furnish tonnage to ICOMI for the transportation of a large quantity of ore which ICOMI was selling to the United States.

ICOMI and the respondent, both acting through agents, executed an affreightment contract on August 7, 1957. This contract provided that the respondent would supply all the necessary vessels during the calendar year 1958 to carry the manganese ore from Brazil to the United States. This affreightment agreement of August 7, 1957 was re-ferred to and identified as contract No. 749.

The first shipment under the contract was made in January 1958, and the charter party agreement for that shipment referred to the affreightment contract No. 749, followed by the identifying letter "A", which was used for the purpose of identifying that shipment as the first one under the affreightment contract. The second, or February 1958 shipment, was the one made on the Bonitas and is the subject of this litigation. The governing charter party for this second voyage referred to the affreightment contract No. 749, followed by the letter "B." The charter parties for both shipments 749A and 749B contained the following provision with reference to arbitration:

"34. If any dispute or difference should arise under this charter, same to be referred to three parties in the City of New York, one to be appointed by each of the parties hereto, the third by the two so chosen, and their decision, or a decision by any two of them, shall be final and binding, and this agreement may, for enforcing the same, be made a rule of Court."

In addition, for each shipment of ore under the foregoing contracts, a bill of lading was issued and signed by the vessel's master. The bill of lading for the shipment on the Bonitas contained the following provision:

" * * * to be delivered in like good order and condition at the aforesaid port of BALTIMORE, MD. USA.

"Order.

*    *    *    *    *    *

unto ————— or to —————
Assigns he or they paying freight for the same, and all other conditions and exceptions as per CHARTER PARTY AS dated ————."

It will be noted that certain blanks on the bill of lading were never filled in. However, the United States as owner of the bill now seeks to avail itself of the

arbitration provision contained in the charter party between ICOMI and the respondent. The United States was not a party to any of the agreements which specifically set forth an arbitration provision.

There is, apparently, no real dispute that ICOMI has a right to seek arbitration, although the respondent raises certain affirmative defenses on the merits of the claim. Respondent avers in Article FOURTEENTH of its answer that "insofar as the libel may constitute an application for an order of this Court directing that respondent and libelant, Industria E Comercio de Minerios, S. A., proceed to arbitration in accordance with the provisions of the contract * * * then it admits the admiralty and maritime jurisdiction of this Court."[1] Since the respondent does not effectively dispute the validity of ICOMI's demand for arbitration, the only point to be determined here is whether the United States, as intended receiver of the cargo and owner of the bill of lading, is entitled to the same right.

■■ The claim of the United States to arbitration is based on the argument that the bill of lading incorporated by reference the arbitration provision of the charter party executed by the agents of ICOMI and the respondent. This argument does not appear to be tenable. In the first place the charter party was not adequately or clearly incorporated by reference in the bill of lading because it was not sufficiently identified. See Son Shipping Co., Inc. v. DeFosse & Tanghe, 199 F.2d 687 (2d Cir. 1952).

In Southwestern Sugar & Molasses Co. v. The Eliza Jane Nicholson, 126 F. Supp. 666 (S.D.N.Y.1954), it was held that a bill of lading which referred to a charter party but which left blank the names of the parties and the date of the charter was ineffective to incorporate the terms of the charter by reference into the bill of lading. The case of Industria E Comercio de Minerios, S. A. v. Nova Genuesis Societa Per Azioni, 172 F.Supp. 569 (E.D.Va.1959) is even more directly in point. That case involved, among other things, a motion by ICOMI, the same libelant as in this action, for an order directing the Italian owners of the Bonitas to arbitrate ICOMI's claim for the loss of the same ore as involved in this action. In that case, however, ICOMI contended that the bill of lading, which is that in dispute here, referred to and incorporated the terms of a contract between the owners of the Bonitas and the respondent, dated November 9, 1957. The court there held that the reference to the charter party in the bill of lading was not sufficiently definite as to permit its identification and incorporation by reference.

"While ICOMI was the shipper of the cargo, it was not a party to the charter party [with the Italian owners] and it is abundantly clear from the authorities that arbitration cannot be required of those who were not parties to the agreement, either directly or through their agents. Instituto Cubano De Estabilizacion Del Azucar v. T/V Golden West, 2 Cir., 246 F.2d 802, certiorari denied 355 U.S. 884, 78 S.Ct. 152, 2 L.Ed. 2d 114. Reliance upon a bill of lading which fails to make specific reference to the charter party affords no relief. Southwestern Sugar & Molasses Co., Inc. v. The Eliza Jane Nicholson, D.C.S.D.N.Y., 126 F.Supp. 666. Son Shipping Co., Inc. v. DeFosse & Tanghe, 2 Cir., 199 F.2d 687, provides that a charter party may be incorporated into a bill of lading by reference, but the reference must be sufficiently specific as to leave no doubt as to the

1. As respects ICOMI, the respondent opposes the reference to arbitration on the grounds that no "dispute or difference" with ICOMI exists, and that a provision of the Carriage of Goods by Sea Act, 46 U.S.C.A. § 1303(6) or the doctrine of laches should be invoked as a time bar. These are defenses to be raised with the arbitrators and not with this Court. See, Application of Reconstruction Finance Corp., 106 F.Supp. 358, 361 (S.D.N.Y. 1952), and cases cited there.

intention of the parties." 172 F. Supp. 569, 576.

Moreover, it seems obvious that the bill of lading here involved did not incorporate the terms of any charter in sufficiently unmistakable language since ICOMI alleged in the Nova Genuesis case that the bill referred to the Bonitas charter between respondent and Nova Genuesis (the Italian owners), whereas both ICOMI and the United States now allege that it referred to the Bonitas charter between respondent and ICOMI. Thus, aside from the initial indefiniteness of the reference in the bill of lading, ICOMI by its other suit has itself pointed up the ambiguity of the provision.

It follows therefore that the United States has no right to compel arbitration in this case, and the motion of the libelants, insofar as it is made on behalf of the United States, must be denied. On the other hand, ICOMI, as a party to an arbitration agreement with the respondent, through their respective agents, is entitled to arbitration of its claim.

As the second part of their motion, the libelants have asked the Court to overrule and strike the exceptive allegations to the libel which were filed by the respondent. Insofar as these exceptive allegations are directed to the first cause of action in the libel they are to be determined by the arbitrators. However, since the exceptive allegations are directed without limitation to both the first and second causes of action, and since the second cause of action is still pending in admiralty before this court, it becomes necessary to rule on the exceptive allegations insofar as they pertain to this second cause of action.

The exceptive allegations of the respondent consist of the following: (1) the libel was not filed until more than one year from the date when the cargo referred to therein would have been delivered and the libel is therefore barred by the one year statute of limitations in the Carriage of Goods by Sea Act, 46 U.S.C.A. § 1303(6); (2) the libelant, United States, was not a party to the contract of affreightment or the Bonitas charter party and, accordingly, it has no standing in this suit; (3) the loss referred to in the libel has been fully reimbursed by underwriters and neither libelant is a real party in interest entitled to bring this suit; and (4) any claim which libelant ICOMI may have had has been discharged for failure to prosecute it within one year from the date the cargo referred to in the libel should have been delivered if it had not been lost, or, alternatively, ICOMI's only right to prosecute its claim is to arbitrate it as provided in the applicable contract.

The Court declines to strike the first exceptive allegation. The Carriage of Goods by Sea Act provides that: "In any event the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered * * *." 46 U.S.C.A. § 1303(6). This libel was not filed until October, 1959, some twenty months after the goods in question should have been delivered if the cargo had not been lost. It is clear therefore that this first exceptive allegation states a defense against ICOMI as to the second cause of action, the contract claim in admiralty.[2] Furthermore, the exceptive allegation also constitutes a valid defense against the United States. Since the second cause of action is one for breach of contract, the rights of the United States are predicated upon its ownership of the bill of lading, or, possibly, as a third party beneficiary under the contract of affreightment and the charter party. The charter party and the bill of lading are expressly stated to be "subject to the provisions of the Carriage of Goods by

---

2. Whether the delay in filing suit is a valid defense to the arbitration is a matter to be determined by the arbitrators. There is authority for the view that the time limitation of the Carriage of Goods by Sea Act need not bar the arbitration. Son Shipping Co. v. DeFosse & Tanghe, 199 F.2d 687 (2d Cir. 1952).

Sea Act." In view of the foregoing facts and because the United States is suing here in a business rather than a sovereign capacity, there is no reason to exempt the Government from the application of the one year statute of limitations. United States v. The South Star, 115 F.Supp. 102 (S.D.N.Y.1953), aff'd, 210 F.2d 44 (2d Cir. 1954); United States v. Wessel Duval & Co., 115 F. Supp. 678 (S.D.N.Y.1953).

The foregoing ruling will probably foreclose the libelants from maintaining their second cause of action; however, since only the motion to strike is now before the Court, the merits of the other exceptive allegations will be briefly considered.

■ The libelant's motion to strike the respondent's second exceptive allegation may be granted. The contention that the United States has no standing to maintain the second cause of action because it was not a party to the contract of affreightment or the charter party may, when supported by additional evidence, tend to establish a valid defense, but it is insufficient on its face to stand as an exception to the libel. It is conceivable that the United States would be able to show that it has a contractual claim against the respondent either as the owner of the goods under the bill of lading or as a beneficiary of the contracts between ICOMI and the respondent.

■ The third exceptive allegation of the respondent must be overruled. The fact that the loss referred to in the libel may have been fully reimbursed by the underwiters does not prevent the libelants from suing in their own names. Federal Forwarding Co. v. Lanasa, 32 F.2d 154 (4th Cir. 1929); The MV Bull Calf, 66 F.Supp. 1019 (E.D.Mo.1946).

The fourth exceptive allegation of the respondent relates solely to ICOMI. The first part of this exceptive allegation, that the action is barred for failure to prosecute it within one year from the date of the scheduled arrival of the cargo, has already been discussed. The alternative contention, that ICOMI's only right to prosecute its claim is to arbitrate it as provided in the charter party, is well taken. ICOMI's claims will be fully resolved by the arbitration to which it agreed and, in any event, in view of the Court's ruling respecting the statute of limitations, ICOMI would be barred from continuing the second cause of action in admiralty.

Submit order on notice.