**AMSTAR CORPORATION (AMERICAN SUGAR DIVISION), Plaintiff,**

**v.**

**SS UNION AUSTRALIA, her engines, boilers, etc.**

**AMSTAR CORPORATION (AMERICAN SUGAR DIVISION), Plaintiff,**

**v.**

**UNION PRESIDENT MARINE CORP., S. A., Defendant.**

**No. 77 Civ. 563 (IBC).**

United States District Court, S. D. New York.

Feb. 15, 1978.

Bigham, Englar, Jones & Houston by Daniel A. Sullivan, New York City, for plaintiff.

Cichanowicz & Callan by Donald B. Allen, New York City, for defendant.

## MEMORANDUM

IRVING BEN COOPER, District Judge.

■ The defendant moves pursuant to Title 9, Section 3 of the U.S.Code, for an order staying litigation in this action pending completion of arbitration proceedings. For the reasons set forth below, defendant's motion is granted.[1]

■ The instant litigation has its genesis in a shipload of sugar carried from Peru to Boston in January 1976 aboard defendant's vessel. The standard form charter governing carriage of the sugar provided, *inter alia,* that "[a]ny and all differences and disputes of whatsoever nature arising out of this charter shall be put to arbitration in the City of New York. . . ." The charter is dated November 22, 1975 at New

---

1. Defendant's application for costs is denied since plaintiff's opposition was not frivolous.

York and the parties thereto were Sugar Chartering, Inc. (as charterer) and the defendant (as owner). Subsequently, the bills of lading issued by the Master of the vessel and made to the order of Chase Manhattan Bank NA were endorsed over to Farr Mann & Co., Inc., acting as broker.[2]

Farr Mann, having agreed to supply plaintiff with a quantity of sugar under another contract (not at issue here), transferred the bill of lading to plaintiff in fulfillment of its agreement. The bill of lading states clearly on its face that the freight therein covered (which is identified) is "[s]ubject to all the terms, conditions, provisions, liberties, and exceptions of the Charter-Parthy [sic] date [sic] at New York 22nd November 1,975 [sic]." During the process of discharging the sugar from defendant's vessel at plaintiff's facilities in Boston it was noticed that the sugar was contaminated.[3] Consequently, plaintiff commenced this action for short delivery.

Defendant interposed as his first affirmative defense the arbitration provision of the charter and has, by the instant motion, applied for a stay of litigation pending the determination of the arbitrators.

Plaintiff's theory is that the language of the arbitration clause of the charter does not extend beyond disputes between the parties to that charter. Pursuing its argument further, plaintiff submits that the arbitration clause was inserted by the owner and the charterer to resolve disputes peculiar only to their relationship and not intended to apply to parties other than themselves. We cannot agree.

The arbitration clause here at issue is not confined to the owner or charterer as was the situation in *Import Export Steel Corp. v. Mississippi Valley Barge Line Co.,* 351 F.2d 503 (2d Cir. 1965) or in *Production Steel Co. v. SS Francois L.D.,* 294 F.Supp. 200 (S.D.N.Y.1968). Its terms are general and would bind plaintiff as the present holder and owner of the bill of lading if it clearly incorporates the terms of the charter. *Son Shipping Co. v. De Fosse & Tanghe,* 199 F.2d 687, 688 (2d Cir. 1952); *Amstar Corp. v. S.S. Naashi,* 1976 A.M.C. 2093, 2094. The reference in the bill of lading is in all-encompassing language and specifically incorporates beyond peradventure the arbitration clause of the charter party. *Son Shipping Co., supra,* at 688; *Midland Tar Distillers, Inc. v. M/T Lotos,* 362 F.Supp. 1311 (S.D.N.Y.1973); *Lowry & Co. v. S.S. Le Moyne D'Iberville,* 253 F.Supp. 396 (S.D.N.Y.1966), *appeal dismissed,* 372 F.2d 123 (2d Cir. 1967). Plaintiff's disingenuous position that it is an innocent purchaser for value is without merit. As stated in *Son Shipping Co., supra,* at 688:

> Since it is so plain that the provisions for arbitration in the charter party were brought over into the bills, it is unnecessary to make any distinction in this instance between the two documents. Where terms of the charter party are, as here, expressly incorporated into the bills of lading they are a part of the contract of carriage and are binding ·upon those making claims for damages for the breach of that contract just as they would be if the dispute were between the charterer and the shipowner. [Citations omitted]

It is too late in the day for the plaintiff to argue otherwise. Plaintiff's reliance on *Amstar Corp. v. S.S. Naashi, supra,* is misplaced. There the facts are strikingly different from what confronts us here. In *S.S. Naashi* an arbitration clause contained in the sub-charter between the broker and shipper was invoked by the defendant vessel owner to compel arbitration. In language reminiscent of mutuality of obligation, Judge Frankel found (at 1976 A.M.C. 2095) that since plaintiff, as one not a party to the sub-charter, could not have compelled arbitration on the basis of the clause in the

---

**2.** The other bills of lading at issue here were either to the order of Chemical Bank or were endorsed over to Christman Associates which had also contracted to supply Amstar with sugar. The result is the same.

**3.** Plaintiff cancelled the bill of lading upon receipt of the subject cargo.

sub-charter, the defendant, who also was not a party to the sub-charter, could not invoke arbitration. See *Instituto Cubano De Estabilizacion Del Azucar v. T/V Golden West*, 246 F.2d 802 (2d Cir.), 1957 A.M.C. 1481, *cert. denied*, 355 U.S. 884, 78 S.Ct. 152, 2 L.Ed.2d 114, 1958 A.M.C. 247 (1957); *Nederlandse Erts-Tankersmaatschappij, N.V. v. Isbrandsten Co.*, 339 F.2d 440 (2d Cir. 1964), 1965 A.M.C. 177. Here, the arbitration clause at issue was part of the agreement between the charterer and the owner of the vessel, now the defendant in this action.

Finally, arbitration was timely invoked by the defendant. See *Amoco Overseas Co. v. S. T. Avenger*, 387 F.Supp. 589 (S.D.N.Y. 1975).

Accordingly, plaintiff is stayed from proceeding in this action pending arbitration of the claims here presented.

SO ORDERED.