**CIA. PLATAMON DE NAVEGACION, S. A., Petitioner,**

v.

**EMPRESA COLOMBIANA DE PETROLEOS and Gerald Asmus, Respondents.**

**No. 79 Civ. 3823(MP).**

United States District Court, S. D. New York.

Oct. 18, 1979.

Burlingham, Underwood & Lord, New York City, by Robert J. Zapf, New York City, for petitioner.

Dwyer, Peltz & Walker, New York City by Alexander Peltz, New York City, for respondents.

## MEMORANDUM

POLLACK, District Judge.

This is an application to stay arbitration of an alleged dispute between the parties for lack of an agreement to arbitrate. For the reasons shown hereafter the petition to stay arbitration will be granted.

On or about July 25, 1977, petitioner Platamon entered into a time charter (Petitioner's Exhibit A) hiring its ship the S.S. Evangelia to Flota Mercante Grancolombiana, S.A., for approximately one month. This charter was subsequently extended by agreement between these two parties dated August 31, 1977, for an additional six months. This charter contained at clause 27(c) an arbitration provision.

On or about December 8, 1977, Grancolombiana entered into a bill of lading contract (Petitioner's Exhibit B) with Empresa, respondent in the present action, by which Grancolombiana agreed to transport a quantity of oil for Empresa from Venezuela to Colombia. Apparently the S.S. Evangelia was unable to make this delivery, and Empresa is now seeking to take Platamon (the shipowner) to arbitration based on the arbitration clause in effect in the time charter between Platamon and Grancolombiana.

Platamon has moved this Court to stay arbitration, arguing that there is no contract to arbitrate in effect between it and respondent Empresa. Respondent argues that the bill of lading incorporates the char-ter agreement, and therefore the arbitration clause as well. Petitioner answers by pointing out that the bill of lading does contain the name of the Evangelia, but significantly left the following blanks:

> This shipment is carried under and pursuant to the terms of the charter dated _____ between _____ and _____, as charterer   .   .   .

A party can become contractually bound to an arbitration provision even absent his signature on the agreement itself. *Fisser v. International Bank,* 282 F.2d 231 (2d Cir. 1960). Bills of lading are contracts governing the rights of cargo owners and shipowners, and are to be interpreted according to principles of contract law. *Amoco Overseas Co., Ltd. v. S. T. Avenger,* 387 F.Supp. 589 (S.D.N.Y.1975). The bill of lading and the charter must be read and construed together according to ordinary principles of commercial contract construction. *Midland Tar Distillers, Inc. v. M/T Lotos,* 362 F.Supp. 1311 (S.D.N.Y.1973).

A bill of lading has been held to incorporate the charter agreement where there has been an attempt to fill in the appropriate blanks in the bill of lading and the parties' intent, as evidenced by their negotiations, was to incorporate the charter. *Amoco Overseas Co. v. S. T. Avenger, supra* (incorporation clause contained the names of the parties to the charter agreement). The charter has been held incorporated where the bill of lading states that it is subject to all the terms of the charter party and names the party resisting arbitration both in the incorporation clause and elsewhere. *Midland Tar Distillers v. M/T Lotos, supra.* The same result occurred where the bill of lading read as follows:

> "All conditions and exceptions as per charter dated Paris 17th September 1963." *Lowry & Co. v. LeMoyne D'Iberville,* 253 F.Supp. 396, 397 (S.D.N.Y.1966), *app. dismissed,* 372 F.2d 123 (2d Cir. 1967).

The bills of lading were held *not* to incorporate the charter party in *U. S. v. Cia. Naviera Continental, S. A.,* 202 F.Supp. 698 (S.D.N.Y.1962) and *Southwestern Sugar*

& *Molasses Co. v. The Eliza Jane Nicholson,* 126 F.Supp. 666 (S.D.N.Y.1954), where the charters were held not to be adequately or clearly incorporated by reference because they were not sufficiently identified. In *Naviera, supra,* the bill of lading read as follows:

"Order.

*    *    *    *    *    *

unto _____ or to _____ Assigns he or they paying freight for the same, and all other conditions and exceptions as per CHARTER PARTY AS dated _____."

202 F.Supp. at 699.

In *Southwestern Sugar & Molasses Co., supra,* the bill of lading read:

"This shipment is carried under and pursuant to the terms of the charter dated * * * at * * * between * * * and * * * as charterer, . . ."

126 F.Supp. at 668.

The bill of lading in the case at hand resembles more closely those that have been held not to incorporate the charter. Since this is so, there is no arbitration agreement between the parties.

The two other arguments advanced by respondent are also unpersuasive. Respondent argues that the petition to stay arbitration is untimely since it was not made, as required by CPLR § 7503(c), within 20 days of respondent's service of notice of intention to arbitrate. However, respondent has not itself complied with the statutory requirements for giving such notice and therefore cannot selectively invoke that statute against petitioner.

Respondent also argues that it can invoke the arbitration clause solely on the basis of its consent, manifested by its signature on the bill of lading. The cases cited by respondent do not support this proposition. Those cases all involve an incorporation of the charter into the bill of lading, or corporate alter egos, neither of which is involved in the present case.

Accordingly, the petition to stay arbitration is granted and the demanded arbitration is hereby stayed.

SO ORDERED.