The **STATE TRADING CORPORATION OF INDIA, LTD.,** Plaintiff,

v.

**GRUNSTAD SHIPPING CORP. (BELGIUM) N.V., Euroam Tankers S.A. and Passat Shipping & Trading Co., Ltd. (Geneva),** Defendants.

**No. 83 Civ. 9261.**

United States District Court,
S.D. New York.

April 13, 1984.

Donovan, Maloof, Walsh & Kennedy, New York City, for plaintiff; David L. Maloof, Edward C. Radzik, New York City, of counsel.

Thacher, Proffitt & Wood, New York City, for defendants; Edward C. Kalaidjian, Randolph W. King, Jr., Samuel Rosenberg, New York City, of counsel.

### OPINION

EDWARD WEINFELD, District Judge.

Defendant Passat Shipping and Trading Co., Ltd. (Passat), the voyage chartered owner of the vessel GOGO RUNNER, moves to dismiss this admiralty action upon four grounds: lack of an arbitration clause applicable to disputes between plaintiffs and defendant; lack of personal jurisdiction; statute of limitations bar; and forum non conveniens. Plaintiff, the consignee of a bill of lading for a cargo of soybean oil that was lost when the GOGO RUNNER sank, cross-moves to compel arbitration.

Passat and Marpro, a defendant not involved in this motion, entered into a tanker

voyage charter party for the GOGO RUN-NER that included the following clause:

> 31. ARBITRATION. Any dispute arising from the making, performance or termination of this Charter Party shall be settled in New York. Owner and Charterer each appointing an arbitrator,
> . . . .

Plaintiff asserts that the arbitration provision of the charter party was incorporated into the bill of lading it purchased from the charterer Marpro, and that Passat, as owner, is thereby bound to arbitrate disputes with plaintiff, as consignee of the bill of lading. Defendant argues, on the other hand, that the arbitration provision was not incorporated into the bill of lading.

■ It is well established in this Circuit that "a holder of a bill of lading which specifically refers to a charter party and in unmistakable language incorporates the charter party's arbitration section can compel a party to the charter party to arbitrate a dispute which comes within the scope of the arbitration provision."[1] The bill of lading here contains "unmistakable language" incorporating the terms of the charter party, including the arbitration clause: "All terms and conditions, liberties and exceptions of the charter-party, dated as overleaf, are herewith incorporated."[2] In addi-

tion, there can be no question that as between these parties, the identity of the charter party to which the bill of lading referred was clear, and the clause therefore was sufficiently specific to effect an incorporation.

It is true that the bill of lading did not name the parties to the charter party it was attempting to incorporate, or state the date or place of its making. Accordingly, the defendant asserts, the incorporation clause is too ambiguous to be given effect.[3] However, where there is "no confusion whatsoever concerning who in fact was the charterer on this voyage, or which charter party governed the rights of the charterer vis-a-vis the shipowner," an incorporation clause may effect incorporation even though it does not contain the names of the signatories or the date or place of the making of the charter party.[4]

Here, defendant could not have been confused regarding which charter party the bill of lading sought to incorporate. The terms of the charter party between the defendant and the charterer Marpro contained a provision that "any bill of lading signed by the Master or Agent of the Owner shall be without prejudice to the terms, conditions, and exceptions of this Charter and shall be subject to all such terms, conditions, and exceptions . . . ."[5] Thus,

---

1. *Import Export Steel Corp. v. Mississippi Val. Barge Line Co.,* 351 F.2d 503 (2d Cir.1965). *See also Son Shipping Co. v. De Fosse & Tanghe,* 199 F.2d 687 (2d Cir.1952); *Lowry & Co. v. S.S. Le Moyne D'Iberville,* 253 F.Supp. 396, 398 (S.D.N. Y.1966), *appeal dismissed,* 372 F.2d 123 (2d Cir. 1967).

2. For cases in which similar language was held to effect incorporation, *see, e.g., Import Export, supra,* note 1, at 505–506 ("Each bill of lading . . . incorporated in form language 'All the terms, conditions, liberties and exceptions of the Charter Party . . .'"); *Amstar Corp. v. S.S. Union Australia,* 445 F.Supp. 940, 941 (S.D.N.Y. 1978) ("Subject to all the terms, conditions, provisions, liberties, and exceptions of the Charter-Party . . ."); *Midland Tar Distillers, Inc. v. M/T Lotos,* 362 F.Supp. 1311, 1312 (S.D.N.Y.1973) ("Subject to all terms, liberties, and conditions of Charter Party Date"); *Kurt Orban Co. v. S/S Clymenia,* 318 F.Supp. 1387, 1389 (S.D.N.Y. 1970) ("as per the aforementioned charter party, all the terms, conditions, clauses and exceptions in which charter party are herewith incorporat-

ed"); *Lowry & Co., supra* note 1 at 397 ("All conditions and exceptions as per charter party . . ."); *Lowry & Co., Inc. v. S.S. Nadir,* 223 F.Supp. 871, 872 (S.D.N.Y.1963) ("all of the terms, conditions liberties and exceptions of the Charter Party are herewith incorporated.")

3. *See, e.g., Son Shipping Co., supra* note 1, 199 F.2d at 688 ("This shipment is carried under and pursuant to the terms of the charter dated Antwerp, June 29, 1948, between Son Shipping Company and De Fosse & Tanghe . . ."); *Lowry & Co., supra* note 1, at 398 ("all conditions and exceptions as per charter party dated Paris 17th September 1963").

4. *Amoco Overseas Company v. S.T. Avenger,* 387 F.Supp. 589, 591 (S.D.N.Y.1975). *See also Coastal States Trading, Inc. v. Zenith Navigation S.A.,* 446 F.Supp. 330 (S.D.N.Y.1977); *Midland Tar Distillers, supra* note 2.

5. The charter party also suggested a form bill of lading, which included the following provision:
   > This shipment is carried under and pursuant to the terms of the Charter dated

defendant can hardly express ignorance as to which charter party the bill of lading signed by its agent referred.

It is significant that it is a signatory to the charter party here that is seeking to avoid the incorporation clause on the ground that it is too ambiguous. Generally, the cases that have found an incorporation clause to be too vague to identify the applicable charter party have involved an owner's or charterer's attempt to enforce an arbitration clause in a charter party against a consignee of the bill of lading.[6] In those cases, specificity is required "because, as a negotiable instrument, the bill of lading passes into the hands of those who have nothing to do with the charter party, and may not be bound to an agreement of whose terms they have no knowledge or even notice." [7] That rationale loses its force when the party resisting arbitration was a signatory to a charter party and had agreed that all bills of lading issued thereunder would incorporate the terms of the charter party.

Defendant asserts that even if the incorporation clause is sufficiently specific, it is not binding because the section of the bill of lading that states "freight payable as per charter party dated _____" was not completed, and therefore plaintiff and Marpro must not have intended for the charter party to be incorporated into the bill of lading. Defendant points to several cases holding that blanks left in an incorporation clause indicate that the parties to the bill of lading did not intend the incorporation clause to apply.[8] However, the blank left in the bill of lading here was not in the incorporation clause, but in a provision regarding payment of freight.[9] The bill of lading clearly states that freight was prepaid, and the provision "freight payable as per charter party" was therefore not applicable. The fact that an irrelevant provision referring to the charter party was left blank is not probative of whether incorporation was intended. Other less ambiguous evidence indicates that plaintiff and Marpro, the charterer, did intend to incorporate the charter party into the bill of lading. The contract of sale between Marpro and plaintiff, for example, contains a provision that "other terms will be as per Vegoilvoy Charter Party," the type of charter party Marpro and the defendant had executed. The contract also provided for payment to be made against various documents, including a copy of the charter party between Marpro and the ship owner. Further, the bill of lading carries the heading: "BILL OF LADING TO BE USED WITH CHARTER–PARTIES."

In sum, the Court finds that the bill of lading was intended to incorporate the terms of the Marpro-Passat charter party, and that, for these parties, the charter party to which the clause referred was obvious, and did not have to be identified with any greater particularity. The Court's conclusion is bolstered by the fact that when defendant was first asked to arbitrate this dispute, it acceded, and appointed its arbitrator. While defendant is not thereby precluded from challenging the applicability of the arbitration clause, its

_____ at _____ between _____ and _____ as Charterer, and all the terms whatsoever of the said Charter except the rate and payment of freight specified therein apply to and govern the rights of the parties concerned in this shipment.

6. *See, e.g., United States Barite Corp. v. M.V. Haris,* 534 F.Supp. 328 (S.D.N.Y.1982); *Amoco Oil Co., v. M.T. Mary Ellen,* 529 F.Supp. 227 (S.D.N.Y.1981). *Cf. Joo Seng Hong Kong Co. v. S.S. Unibulkfir,* 493 F.Supp. 35 (S.D.N.Y.1980) (consignee's motion to compel owner to arbitrate denied, because three charter parties were involved in the shipment, and the incorporation clause did not specify which one it was incorporating).

7. *Amoco Overseas Co. v. S.T. Avenger, supra* note 4, at 593.

8. *See, e.g., M.T. Mary Ellen, supra* note 6; *Cia Platamon de Navegacion v. Empresa Colombiana de Petroleos,* 478 F.Supp. 66 (S.D.N.Y.1979); *United States v. Cia Naviera Continental,* 202 F.Supp. 698 (S.D.N.Y.1962).

9. *Cf. United States Barite Corp., supra* note 6 (owner's motion to compel arbitration denied because "freight payable as per charter party dated _____" was left blank); *Demsey & Associates, Inc. v. S.S. Sea Star,* 321 F.Supp. 663, 670 (S.D.N.Y.1970), *aff'd in part, rev'd in part on other grounds,* 461 F.2d 1009 (2d Cir.1972) (same)

initial response to the arbitration demand indicates at least some awareness that the arbitration clause in the charter party bore a relationship to the bill of lading upon which plaintiff bases its claim for liability.[10]

Plaintiff's cross-motion to compel arbitration is granted;[11] the parties are directed to arbitrate their dispute according to the arbitration provisions of the Marpro-Passat charter party.

SO ORDERED.

---

**10.** Defendant states that it consented to the arbitration before its lawyers had examined the charter party and bill of lading. Nevertheless, defendant, as a signatory to the charter party, is the party to be charged with knowledge of that document. Further, defendant's master signed the bill of lading, which lists plaintiff as the consignee, and defendant thus can be charged with knowledge of its provisions. While the defendant's initial appointment of an arbitrator is certainly not dispositive of the cross-motion to compel arbitration, it lends support to the conclusions compelled by the other evidence.

**11.** This disposition makes it unnecessary to reach the issues raised by defendant's motion to dismiss. Defendant's agreement to arbitrate disputes in New York constitutes consent to the jurisdiction of this court for the purposes of an action to compel arbitration. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lecopulos,* 553 F.2d 842, 844 (2d Cir.1977); *Victory Transport Inc. v. Comisaria General,* 336 F.2d 354, 363 (2d Cir.1964); *cert. denied,* 381 U.S. 934, 85 S.Ct. 1763, 14 L.Ed.2d 698 (1965). The defendant's allegation that the statute of limitations bars plaintiff's claim is an issue to be decided by the arbitrator.