**GENERAL AUTHORITY FOR SUPPLY COMMODITIES, Plaintiff,**

v.

**S.S. CAPETAN COSTIS I, her engines, boilers, etc., Olymbos Shipping Corp., Arab Finagrain Agri-Business Trading Company, Defendants.**

**OLYMBOS SHIPPING CORP., Third-Party Plaintiff,**

v.

**STELLAR CHARTERING AND BROKERAGE, INC. and Continental Grain Export Corporation, Third-Party Defendants.**

**No. 85 Civ. 3734 (LFM).**

United States District Court, S.D. New York.

April 9, 1986.

Healy & Baillie by Robert G. Shaw, New York City, for defendant and third-party plaintiff Olymbos Shipping Corp. Monrovia.

Hill, Rivkins, Carey, Loesberg, O'Brien & Mulroy by Francis J. O'Brien and Douglas R. Burnett, New York City, for third-party defendant Stellar Chartering and Brokerage, Inc.

Poles, Tublin, Patestides & Stratakis by Edward M. Cuddy, III, New York City, for

plaintiff General Authority for Supply Commodities.

## OPINION

MacMAHON, District Judge.

Olymbos Shipping Corp. ("Olymbos") and Stellar Chartering and Brokerage, Inc. ("Stellar") move, pursuant to 9 U.S.C. § 4, to compel arbitration and stay this action.

## FACTS

In March 1984, Olymbos chartered its vessel CAPETAN COSTIS I to Stellar pursuant to a charter party to carry corn from the United States to Egypt. Stellar then entered into a charter party with Arab Finagrain Argi-Business Trading Co. ("Finagrain") to have the corn carried to Egypt. Finagrain had bought the grain from Continental Grain Export Corp. ("Continental").

General Authority for Supply Commodities ("GASC") was the purchaser of the grain and the receiver in Egypt. When the cargo arrived, GASC refused to accept part of the shipment on the ground that it was damaged. GASC then brought this action, and Olymbos impleaded Stellar and Continental.

Clause 41 of the charter party between Olymbos and Stellar states that the "Vessel is chartered on behalf of General Authority for Supply Commodities." The charter party also contains the following arbitration clause, entitled "New York Produce Exchange Arbitration Clause:"

Should any dispute arise between Owners and Charterers, the matter in dispute shall be referred to Three (3) persons at New York, one to be appointed by each of the parties hereto, and the third by the two so chosen; their decision shall be final, and for the purpose of enforcing any award, this agreement may be made a rule of the Court. The arbitrators shall be commercial men.

The charter party between Stellar and Finagrain also noted that the vessel was chartered for GASC and stated that an "Arbitration Clause New York" was to be fully incorporated in the charter party.

The bill of lading issued to the order of plaintiff for the cargo contained the following incorporation clause:

All terms, conditions and exceptions as per charter party covering this fixture and any addenda thereto to be considered as incorporated herein as if fully written.

In February 1985, Stellar and Olymbos began choosing arbitrators for their dispute over the damaged cargo. The first arbitration session was held in June 1985. A second session was held in November 1985, and GASC was invited to participate. When GASC declined, the session was held without GASC's participation. Olymbos and Stellar then made these motions.

## DISCUSSION

In this circuit, "a holder of a bill of lading which specifically refers to a charter party and in unmistakable language incorporates the charter party's arbitration section can compel a party to the charter party to arbitrate a dispute which comes within the scope of the arbitration provision."[1] It is also well settled in this circuit that when an arbitration clause in a charter party is limited to owners and charterers, it binds only those named parties.[2]

In this case, the bill of lading does not specifically refer to the charter party. Rather, the bill refers to the "charter party covering this fixture," and there is no indication which of the two charter parties is meant.[3] Indeed, in its papers submitted to the arbitrator, Olymbos admitted that the bill of lading did not incorporate the charter party and its arbitration clause. In any event, even if the bill of lading did incorporate the charter party, the arbitration

1. *Import Export Steel Corp. v. Mississippi Valley Barge Line Co.,* 351 F.2d 503, 506 (2d Cir.1965).

2. *Campania Espanola de Pet., S.A. v. Nereus Shipping,* 527 F.2d 966 (2d Cir.1975), *cert. denied,* 426 U.S. 936, 96 S.Ct. 2650, 49 L.Ed.2d 387 (1976).

3. *Cf. Joo Seng Hong Kong Co. v. S.S. Unibulkfir,* 493 F.Supp. 35 (S.D.N.Y.1980) (incorporation clause failed to specify which charter party was incorporated where three charter parties were involved in the transaction).

clause would still not bind GASC, since the clause is limited to owners and charterers.[4]

In view of these well-settled principles, movants could not argue that GASC should be compelled to arbitrate merely because it was a holder of the bill of lading. Instead, movants claim that Stellar signed the charter party as an agent of GASC, and that, therefore, GASC is in effect a charterer bound by the arbitration clause. In support of their claim, movants note that Clause 41 of the charter party states that the vessel is chartered on behalf of GASC. Movants also cite two English cases in support of their contentions.

Although the interpretation of a charter party involves questions of maritime law, "the charter party is merely a contract, subject in general to all the rules and requirements of contract law."[5] There is no indication in this contract that Stellar signed on behalf of, or as an agent of, GASC. None of the usual language indicating an agency relationship is present.[6] Clause 41 indicates only that the vessel is chartered for GASC, not that Stellar is GASC's agent, or that GASC is a charterer under the arbitration clause. The absence of the usual agency language is especially noteworthy because, next to Stellar's signature, Alpro Maritime Agencies, Inc. signed "on behalf of" Olymbos "as agents only."

Indeed, the cases cited by movants support the conclusion that Stellar did not sign the charter party as GASC's agent. In *Tudor Marine Ltd. v. Tradax Export S.A.*, [1976] 2 Lloyd's L.R. 135, Tradax moved to stay arbitration on the ground that it had signed the charter party as the receiver's agent. The charter party included a clause which was virtually identical to Clause 41 in this case, and Tradax relied on that clause to support its claim. In reversing the trial court, the appellate court denied Tradax's motion and noted that elsewhere in the contract and in a letter the contract incorporated Tradax was called the charterer. Similarly, in its opening, the charter party between Olymbos and Stellar refers to Stellar as the charterer.

In *Etablissement Biret et Cie. v. Yukiteru Kaiun KK*, [1984] 1 Lloyd's L.R. 381, the charter party included a clause stating that the contract was signed for and on behalf of the receivers. The clause also stated that the charter party was to be accompanied by a letter or telex confirming the charterer's authority to sign on behalf of the receivers. Had the parties in this case intended Stellar to sign on behalf of GASC, the charter party could have included a similar unambiguous clause.

Finally, it is not without significance that Stellar and Olymbos picked their arbitrators and held an arbitration session before seeking to include GASC. Their actions suggest that movants did not intend or understand GASC to be bound by the arbitration clause.[7]

Accordingly, we deny the motions of Olymbos and Stellar to stay this action and compel arbitration.

So ordered.

---

**4.** *See Campania Espanola de Pet., S.A. v. Nereus Shipping, supra.*

**5.** *I/S Stavborg v. National Metal Converters, Inc.,* 500 F.2d 424, 427 (2d Cir.1974) (quoting G. Gilmore & C. Black, The Law of Admiralty 172 (1957)).

**6.** *See* Restatement (Second) of Agency § 156 comment a (1958).

**7.** *Cf. State Trading Corp. of India v. Grunstad Shipping,* 582 F.Supp. 1523, 1525–26 (S.D.N.Y.), *aff'd,* 751 F.2d 371 (2d Cir.1984) (party's acceding to arbitration does not preclude it from challenging applicability of arbitration clause, but indicates awareness that bill of lading incorporated charter party).