346 F.3d 281
 CONTINENTAL INSURANCE COMPANY, also known as Tradearbed, Inc. and Tradearbed Canada, Plaintiff-Appellant,
v.
POLISH STEAMSHIP COMPANY, Defendant-Third-Party Plaintiff-Appellee, M/V "ZIEMIA SUWALSKA", her engines, boilers, etc., Polsteam USA Inc., and John Doe "A" Through "Z", Defendants-Appellees,
Trans Sea Transport N.V., Third-Party Defendant-Appellee.
 Docket No. 02-9002.
 United States Court of Appeals, Second Circuit.
 Argued: September 30, 2003.
 Decided: October 8, 2003.
 
 Lawrence C. Glynn, Nicoletti, Hornig, Campise, Sweeney & Paige, New York, NY, for Plaintiff-Appellant.
 Garth S. Wolfson, Mahoney & Keane, LLP, New York, NY, for Defendant-Third-Party Plaintiff-Appellee.
 Patrick F. Lennon, Tisdale & Lennon, LLC, New York, NY, for Third-Party Defendant-Appellee.
 Before: MINER, CALABRESI, and STRAUB, Circuit Judges.
 CALABRESI, Circuit Judge.
 
 
 1
 This action arises out of loss or damage to a cargo of steel coils that allegedly occurred during ocean transit. The only question raised on appeal is whether or not the associated bills of lading[1] effectively incorporated the arbitration clause in the alleged charter party between Polish Steamship Company ("PSC") and Trans Sea Transport N.V. ("TST"). We agree with the district court that the charter party was properly incorporated, and therefore affirm the dismissal of the case in favor of London arbitration.
 
 
 2
 Plaintiff-Appellant Continental Insurance Company ("Continental") is the alleged subrogee of TradeArbed, Inc., the purported owner, consignee, or underwriter of the steel coils in question. Continental brought this suit against PSC (the owner of the M/V Ziemia Suwalska) and the M/V Ziemia Suwalska in rem, seeking recovery for the damage under the Carriage of Goods by Sea Act (COGSA), 46 U.S.C. App. §§ 1300 et seq. PSC subsequently filed a third-party complaint against TST, the charterer of the vessel, alleging that any judgment in favor of the plaintiff should be entered against TST, and, in the alternative, asking that TST be required to indemnify PSC for any judgment entered against PSC. TST moved to dismiss PSC's claim as time barred and to stay PSC's third party claims against it pursuant to an arbitration clause in their charter party.[2] PSC cross-moved to dismiss the action pursuant to Fed.R.Civ.P. 12(b)(3), by operation of the London arbitration clause in the PSC/TST charter party, and in the alternative, to stay the action pending arbitration.
 
 
 3
 The United States District Court for the Southern District of New York, Judge Kimba Wood presiding, dismissed the action in its entirety, finding that the bills of lading incorporated the charter party arbitration clause and that the arbitration clause applied to the dispute between Continental and the defendants. The district court also granted TST's motion to dismiss PSC's third-party claims brought on Continental's behalf as time barred, dismissed PSC's third-party claim against TST for indemnification in favor of arbitration, and denied, as moot, TST's motion to stay the third-party action. On appeal, the plaintiff, Continental, challenges only the portion of the district court's ruling that found that the bills of lading properly incorporated the charter party.
 
 
 4
 In a case involving the arbitrability of a claim, we review the district court's "determination that parties have contractually bound themselves to arbitrate disputes" de novo, and its factual findings for clear error. See Chelsea Square Textiles, Inc. v. Bombay Dyeing and Mfg. Co., 189 F.3d 289, 295 (2d Cir.1999).
 
 
 5
 It has long been clear that "[w]here terms of the charter party are... expressly incorporated into the bills of lading they are a part of the contract of carriage and are binding upon those making claim for damages for the breach of that contract just as they would be if the dispute were between the [parties to the charter agreement]." Son Shipping Co. v. De Fosse & Tanghe, 199 F.2d 687, 688 (2d Cir.1952). Generally, to incorporate a charter party effectively, the bill of lading must "specifically refer[] to a charter party" and use "unmistakable language" indicating that it is incorporated. See Import Export Steel Corp. v. Mississippi Valley Barge Line Co., 351 F.2d 503, 506 (2d Cir.1965).
 
 
 6
 Here, the bills in question expressly incorporate all provisions of the charter party. On their face they refer to conditions of carriage on the overleaf, the first of which reads: "All terms and conditions, liberties and exceptions of the Charter Party, dated as overleaf, are herewith incorporated." We have previously concluded that similar language effectively demonstrates intent to incorporate the arbitration clause of a charter party. See id. at 505 (a charter party arbitration clause is effectively incorporated by a condition in the bill of lading that states, "[a]ll the terms, conditions, liberties and exceptions of the CHARTER PARTY ... are herewith incorporated"); see also State Trading Corp. of India, Ltd. v. Grunstad Shipping Corp. (Belgium) N/V, 582 F.Supp. 1523, 1524 (S.D.N.Y.1984) (bill of lading that provides "[a]ll terms and conditions, liberties and exceptions of the charter-party, dated as overleaf, are herewith incorporated," effectively incorporates arbitration clause).
 
 
 7
 The only issue here is whether or not the bills of lading "specifically identified" the charter party in question. Bills of lading should be "carefully if not restrictively construed." Import Export Steel Corp., 351 F.2d at 506. The bills of lading before us were issued in the standard "CONGENBILL" form, and are, on their terms, "[t]o be used with charter-parties." On the face of each bill of lading, a line reads "freight payable as per CHARTER PARTY dated ............" and "06.01.2000." is typed in the blank. In each instance, the word "payable" in this provision is crossed out and replaced with the word "PREPAID."
 
 
 8
 While it would have been preferable to identify the charter party in more detail, i.e., by mentioning the location and parties involved, we find that the specification of the date of the charter party, along with the references to charter parties made on the bill's face and overleaf, suffice to identify the relevant charter party with the specificity needed to give effect to the intended incorporation. See Steel Warehouse Co. v. Abalone Shipping Ltd. of Nicosai, 141 F.3d 234, 237 (5th Cir.1998) (holding that a charter party is sufficiently specified where it is only identified by date in the "freight payable" box); Thyssen, Inc., v. M/V/ Markos N, 1999 WL 619634, *3 (S.D.N.Y. Aug.16 1999) ("[T]he existence of a specific charter party of a particular date, combined with the repeated references to the charter party on both sides of the bills of lading, are sufficient to incorporate all the charter party terms."), aff'd sub nom. Thyssen, Inc. v. Calypso Shipping Corp., S.A., 310 F.3d 102 (2d Cir.2002), cert. denied ___ U.S. ___, 123 S.Ct. 1573, 155 L.Ed.2d 312 (2003); Lowry & Co. v. S.S. Nadir, 223 F.Supp. 871, 872-73 (S.D.N.Y.1963) (charter party identified only by date is adequately specified); cf. Son Shipping, 199 F.2d at 688-89 (bill of lading makes sufficiently specific reference to a charter party when it includes its date and the names of the parties to the charter); Continental U.K. Ltd. v. Anagel Confidence Compania Naviera, S.A., 658 F.Supp. 809, 812-13 (S.D.N.Y.1987) (same); Assoc. Metals & Minerals Corp. v. M/V ARKTIS SKY, 1991 WL 51087, *2 (S.D.N.Y. April 3, 1991) (charter party not incorporated where the bill of lading "[did] not name all the parties to the charter party it was attempting to incorporate, or state the date or place of its making"); New York Marine Mgrs., Inc. v. M.V. "Topor-1", 1989 WL 4030, *5 (S.D.N.Y. Jan.17 1989) (bill of lading did not incorporate a charter party where the printed text read "Freight payable as per CHARTER-PARTY," and "FREIGHT PREPAID" was typed in the blank, and no reference to date or parties to charter was included).
 
 
 9
 Continental claims that there was not adequate reference to the charter party in the bills of lading because TST was nowhere named on the bills. This argument is unavailing. The charter party was specifically identified by date, which is all that is required. See Steel Warehouse, 141 F.3d at 237 (holding that a "sophisticated party" like Steel Warehouse had constructive notice that the "common, internationally recognized" Congen form of a bill of lading incorporated a charter party where the charter party was identified only by date, although one party to the charter appears to have been nowhere identified on the bill).
 
 
 10
 Continental also argues that the date of the charter party on the bill of lading should be ignored because it is included in a line specifying the terms of payment of freight. This line, Continental contends, was a nullity because the freight was, in fact, designated to have been "prepaid." We are not persuaded. Whether or not the payment provision has independent legal significance in relation to the charter party, it certainly served to identify the charter party, which is all that we are supposing it to do. See id. (the fact that the "freight payable" clause which identified the charter party was stamped "Freight Prepaid" did not render the incorporation of the charter party ambiguous, because to find otherwise would presume "that the `Freight Prepaid' stamp somehow adds a clause to the bill of lading which states that `if freight is prepaid, all previously incorporated terms and conditions of the charter party are null, void, and superfluous'").
 
 
 11
 We find that the charter party was effectively incorporated. The plaintiff does not contest the district court's finding that, if incorporated, the arbitration clause in the charter party covers this dispute.[3] Nor does it contest that, if the clause applied, it was appropriate to dismiss the case in its entirety in favor of London arbitration. We therefore AFFIRM the judgment of the district court.
 
 
 
 Notes:
 
 
 [1]
 In admiralty parlance, a "bill of lading" is a document that serves as an acknowledgment that a carrier has received cargo for shipping, as a contract of carriage, and as a negotiable instrument that controls the possession of the freight in question. Grant Gilmore & Charles L. Black, Jr.,The Law of Admiralty 93 (2d ed.1975).
 
 
 [2]
 A "charter party" is a contract by which a ship or part thereof is leased to a merchant. The term also refers to the instrument that establishes the terms and conditions of the charterSee Great Circle Lines, Ltd. v. Matheson & Co., 681 F.2d 121, 124 (2d Cir.1982).
 
 
 [3]
 The clause reads: "All disputes arising out of this contract which cannot be amicably resolved shall be refereed [sic] to Arbitration in London." As the district court found, such a clause must be considered "broad," and should be construed to cover both the plaintiff's claims and the defendant's third-party claims against TST for indemnificationSee Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc., 252 F.3d 218, 224 (2d Cir. 2001) (broad arbitration clauses will be presumed to cover even collateral matters if the claim implicates the parties' rights under the contract or issues of contract construction).